Richmond, P. J.
The complaint alleges that plaintiff McClurg was the owner of certain real estate situate in the city of Denver, and employed the defendants, who were real estate agents, to find a purchaser for the property and to sell the same for him at the best possible price that could be obtained. That the agents informed him that they could get $14,000 for the property, and that relying upon said defendants as his agents and believing the sum of $14,000 to be the best price which they as his agents could procure for said property, authorized and directed the defendants to sell said property for the sum of $14,000. Defendants informed the plaintiff that S. H. Elbert was the purchaser, and prepared a conveyance and inserted therein as a consideration the sum of $16,000, and represented that they had inserted this larger consideration at the request of the purchaser; that relying upon these representations plaintiff executed a convey *350 anee and consummated the sale, receiving as the purchase price the sum of $14,000; that defendants actually received and Elbert actually paid the sum of $16,000 for the property; that this fact was discovered after the consummation of the sale, and this action is brought to recover the sum of $2,000.
Defendants, answering the complaint, specifically deny the allegations therein, and for a second defense deny the agency and employment; admit the sale for $16,000 to Elbert, and allege that they became the purchasers at a net price without any commissions for the sum of $14,000; but that before the conveyance was made to them Elbert became the purchaser, and the property was conveyed by plaintiff • directly to Elbert for the purpose of avoiding unnecessary conveyances. They further aver that at the time the plaintiff made the conveyance he was fully informed of the facts and ratified and confirmed all that defendants had done.
For a third defense they allege a settlement and compromise by and between the parties to the action, which compromise consisted in defendants returning to plaintiff a check for $350, which plaintiff had given to defendants at the time of the execution of the conveyance to Elbert as a mere gratuity, and as expressive of his good will and satisfaction of the sale which had been consummated.
The replication is a specific denial of the new matters alleged in the defense. A jury was waived and the cause was tried to the court, and the court found that plaintiff was entitled to recover the entire $2,000 with interest. Upon which finding judgment was entered, and to reverse this judgment appellants prosecute this appeal.
The contention of appellants is, first, that they were never employed as the agents of plaintiff to sell the property, but that they were purchasers, and as evidence of this they produced the following paper:
“Office of Collins & Shackelford.
“ Denver, Colorado, Mar. 6, 1889.
“ Received of Collins & Shackelford for S. Gl Collins, the sum of $500, being part purchase money on following de *351 scribed property; Lots Nó. 1, 2, 3, 4, 5 and 6, in Block No. 16 Arlington Heights. The balance of $13,500 to be paid on presentation of a good and sufficient warranty-deed, and evidence of title, on the following terms ; $5,500,’ note of this' date for $3,000 with interest at 8 per cent per annum, due on or before one year, and secured .by trust deed on said Idts subject to a certain note of $5,000 dated Dec. 2, 1886,'favor of E. C. Whitsett, with interest at 7 per cent per annum,' and secured by deed of trust on said property, which said note of $5,000 and interest from this date is to be assumed by said Collins or his assigns.
“ In case-such evidence of title is not furnished, the amount of this receipt to be refunded.
“I hereby agree to all the above conditions.
“ S. G. Collins, James A. McClukg,
Purchaser. Owner.
“ Signed 3, 12, ’89.”
And second, if they were agents, defendants say that at the time they surrendered the check for $350 plaintiff agreed that it should be in-settlement of any demands against them. And on the 14th day of March they obtained a deed directly from McClurg to Elbert, and as they claim, to avoid the execution of additional conveyances.
The plaintiff’s contention is that they were his agents from the first to the last, and that he never considered them in any other light; that he never recognized them as purchas-. ers, nor did he understand that at the time he was executing, the above recited paper that he was so recognizing them. That they never intimated directly or indirectly that they were receiving more than $14,000 for the property, and that when he first learned this he immediately demanded the return of liis cheek for $350; that at that time he neither admitted directly of indirectly that it was in full settlement' of his claim.
From the above statement it will be observed that there: were practically',two issues: First, The employment and agency by plaintiff of defendants; and, second, Was there such a compromise and settlement as would bind the plaintiff.
*352 Plaintiff testified that a long time prior to the sale he had various conversations with the defendants concerning a sale of the property; that their sign as real estate agents was placed upon the property; that some time afterwards and while he was absent from the state and in the city of Washington he received various telegrams in reply to which he stated that he would take $14,000 for six lots; that thereafter defendants brought to him a certain paper for his signature, and subsequently they brought to him a deed of conveyance in which the consideration was nominated as $16,000; that at the time of the execution of this conveyance to Elbert he remarked the fact that the consideration actually expressed was in excess of the consideration to be paid, to which one of the defendants replied that it was for the purpose of booming real estate; that they had some conversation concerning commissions in which he asked them not to press him too hard in this particular, to which they replied they would not strike him for the regular commission, which would be 5 per cent for the first $5,000, and 2j per cent for the balance, but would strike for 2£ per cent straight, and that thereupon he gave them a cheek for $350.
Elbert testified that he paid for the property $16,000, and that he was informed it was the seller’s price. After discovering the fact that defendants had received the sum of $16,000, as the purchase price of the property, McClurg, called upon them and in a somewhat excited state demanded the return of his check for $350, which was given him and immediately destroyed by plaintiff.
The court found both issues in favor of plaintiff, and we are inclined to think that its conclusion was correct. True it is that there is a conflict of testimony relative to the compromise and settlement, still we think that there is sufficient evidence in the case to warrant the court in finding the issues favorable to the plaintiff.
On the 4th day of March, 1889, the defendants wired plaintiff at Washington, D. C., as follows:' “Can get you fourteen thousand dollars for the six lots. ' Answer immedi *353 ately.” To this dispatch plaintiff answered: “ Will sell six lots for fourteen thousand dollars.” On the return of plaintiff he received the information from the defendants that Elbert was the purchaser for the sum of $14,000. It is admitted that this was the sum that was paid to plaintiff, and out of which sum he paid to defendants $350 as commissions for their services in procuring a purchaser. The fact that the defendants took the sum of $350 as commissions 1v.as by them an admission of the relation of principal and agent between the parties.
The claim made by defendants that the execution and delivery of the check for $350 was a mere matter of gratuity and good will, and not in the nature of a charge for services, is, in our judgment, unsupported by the evidence and contrary to the usual custom among business men. It is to say the least a draft upon the imagination to admit this claim. We deem it unnecessary to recite further from the evidence to support our conclusion that the relation of agent and principal was fully established and that the finding of the court upon this issue was correct.
We now come to the second issue: Did the surrender of the check by defendants to plaintiff constitute a settlement which could be pleaded in bar of his right to recover the $2,000 received from Elbert over and above the amount aepounted for to him ? As before said, upon this phase of the .case there is some conflict of testimony, but we are inclined to the opinion that there was sufficient evidence to sustain the findings of the court, and under the well recognized rule of the supreme court of this state we would not be warranted in disturbing this finding. And in addition we may say we are clearly of the opinion that the demand by the defendants of the plaintiff for commissions was under the circumstances clearly illegal. They were not entitled to receive it and he was therefore justified in demanding the return of the check. This action on his part did not amount to an estoppel and a bar to this action.
An agent seeking to uphold a transaction between him *354 self and his principal, or a principal to avoid a transaction between himself and his agents, is bound under the rule to assume the burden of proof and show that he gave to his principal the same advice in the matter as an independent, disinterested adviser would have done, and that he made a full disclosure of all he knew respecting the property, ahd that the principal knew with whom he was dealing and made no objections, and finally that the consideration was fair and just.
It can truthfully be said that the defendants did not satisfactorily establish the fact to be that the check was received in full settlement. McClurg denies it; the conversation between Elbert and defendants as detailed by him corroborates McClurg in his statement. The entire', transaction appears to be tainted with wrong, and the mere fact of the deed containing a consideration of $16,000 in no sense can be claimed as putting the plaintiff upon his guard. Especially so, if this be true (and the court so found), that they represented to him that the object of so expressing the consideration was to boom real estate.
“ The most open, ingenuous, and disinterested dealing is required of a confidential agent while he consents to act as such; and there must be an unambiguous relinquishment of his agency before he can acquire a personal interest in the subject of it. To leave a doubt of his position in' this respect is to turn himself into a trustee. It is unnecessary to recur to authority for a principle so familiar or so accordant with common honesty.” Bartholomew v. Leach, 7 Watts 472; Bowman v. Officer, 53 Iowa 640.
When an agent is found recently after his sale to have acquired a beneficial interest in the property under the purchaser, strong presumption of indirection and attempted evasion arises, which he is required to remove by good and convincing evidence. Walker v. Carrington, 74 Ill. 446.
■ The above principles are certainly applicable to the transactions as set forth in the record. But the general rule controlling the relation of principal and agent is so plain and *355 well known that none who occupy that relation ought to make mistakes or go wrong. Here the evidence clearly discloses that the relation of principal and agent existed; that the plaintiff McClurg employed the defendants to sell the property; that they represented to him that they could obtain §14,000 for the six lots ; and that they represented to Elbert that the seller’s price was §16,000; that Elbert paid the §16,000; that McClurg received but §14,000, and the §2,000 was retained by»the defendants; that the discovery of the fact that the property was sold for §16,000 occurred after the execution of the conveyance, which was made to the vendee by the vendor.
Agents actual or constructive occupy a relation of trust with • peculiar opportunities for fraud upon their principals. The rules of law in respect of transactions between men concerning the interest in trust are in some particulars even, more unfavorable to the agents than the rules relating to attorney and client are to the attorney. * * * Bigelow on Law of Fraud, § 295.
Having concluded that the findings of the court were correct and that the plaintiff was entitled to recover the entire sum of §2,000, the question now arises, are the defendants entitled to any compensation for their services in procuring the purchaser of the property ?
In Pratt v. Patterson, 112 Pa. St. 475, this doctrine is announced: A real estate broker’s commissions are earned whenever he has procured a buyer who will comply with the conditions fixed by his principal for the property proposed to be sold, but this rule depends not only upon the fact that the broker is to be regarded as the agent of the seller, but that as such agent he acts with the utmost good faith towards his principal. The intentional concealment of important and material facts from the knowledge of his principal by a broker employed to sell real estate will deprive him of his right to commissions for procuring a buyer.
In Cottom v. Holliday, 59 Ill. 177, it is said, if an agent make any profits in the case by any concealed management . *356 either in buying or selling, or other transactions on account of his principal, the profits will belong exclusively to the principal.
In Merriman v. Davis, 31 Ill. 404, it is announced that where an agent is authorized to sell the land of his principal at a fixed price, if he sells it for a higher price he must account to his principal for the excess.
In Porter et al. v. Silver, 35 Ind. 295, the court say, if an agent does not perform his duty or is guilty of gross negligence or gross misconduct or gross unskilfulness, he not only becomes liable to his principal for the damages the latler may have sustained but he also forfeits all claim to commissions.
In Sea v. Carpenter et al., 16 Ohio St. 412, it is said: Where an agent is unfaithful to the trust and abuses the confidence reposed in him by his principal, where he misconducts himself in the business of his agency, he may be deprived of commission and compensation.
The agent must act in the utmost good.faith, especially where he is entitled to a commission on the procurement of a person ready and willing to purchase. Any concealment from his principal in any way bearing on the transaction will defeat his claim for compensation. Bell v. McConnell, 37 Ohio St. 396; Wadsworth v. Adams, 138 U. S. 380.
Where the confidential relation of principal and agent exists the onus is upon the agent to show that the transaction was fair and equitable, that he gave all the advice within his knowledge pertaining to the subject of the sale and the value of the property, and that there was no suppression or concealment which might have influenced the conduct of the principal. It is the purpose of the courts to see that the agent by reason of the confidence reposed in him by the principal secures to himself no advantage from the contract, and when the transaction is seasonably challenged a presumption of its invalidity arises,and the agent then assumes the burden of making it affirmatively appear that he dealt fairly, and in the richest of faith, imparted to his principal *357 all the information concerning the property possessed by him.
A careful and repeated reading of the record in this case convinces us that the defendants departed widely from the general rule regulating the conduct of principal and agent. We are satisfied from the evidence that they never made known to the plaintiff, their principal, the precise consideration to be paid for the property by S. H. Elbert. We are satisfied also that had the plaintiff acquiesced the defendants would have retained not only the $2,000, but the $350 charged as commission, but being discovered in their wrong doing they sought to avoid further responsibility as agents and to retain $2,000 by surrendering $350, which latter sum they allege was merely given as a good will by plaintiff to them. We cannot reach any other conclusion than that there was such concealment and misrepresentation in this case by them as agents as to deprive them of any right to commissions, and to obligate them' to pay the $2,000 with interest as in the judgment it is recited.
The judgment must be affirmed.
Affirmed.