[No. 5971. Decided March 15, 1906.]

S. E. HANNA, *Plaintiff and Appellant,* v. M. D. HAYNES *et al., Defendants and Appellants.*[1]

BROKERS—CONTRACTS FOR COMPENSATION—RESCISSION FOR FRAUD OF AGENTS—EQUITY. One who has availed herself of the services of real estate agents in the purchase of property, resulting in large profits, is not entitled to rescission of a contract to compensate the agents by dividing the profits by reason of the constructive fraud of the agents unless she first do equity by giving the agents a reasonable compensation for the services performed by them.

SAME—CONSTRUCTIVE FRAUD—EVIDENCE—SUFFICIENCY. Where real estate brokers, who have been acting as confidential agents of a client, purchase certain property for her, representing that the owner is unwilling to pay any commissions, and agree in lieu of commissions to effect a resale and share equally in the profits, it is a constructive fraud upon the client for the brokers to accept part of the commissions paid by the owners, warranting a court of equity, in the interest of public policy, in cancelling the contract to share the profits on a resale; and the burden of proof being upon the brokers to establish the fairness of the transaction, findings establishing constructive fraud will not be disturbed on appeal in the absence of satisfactory proof.

Cross-appeals from a judgment of the superior court for King county, Gilliam, J., entered July 15, 1905, upon findings made by the court after a trial on the merits without a jury, in an action for the rescission of a contract, decreeing an accounting and a conditional cancellation of the contract in suit. Affirmed.

[1]Reported in 84 Pac. 861.

*Fred H. Peterson, R. A. Hulbert,* and *H. C. Force,* for plaintiff.

*McClure & McClure,* for defendants.

HADLEY, J.—This action involves a somewhat complicated controversy concerning the services of real estate brokers. The action was originally brought by the plaintiff, S. E. Hanna, against the defendants M. D. Haynes and Charles Cowen, as copartners, under the firm name of Haynes-Cowen Company. The complaint alleged that the plaintiff employed said Haynes as her broker and confidential agent for the purpose of purchasing real estate for her, and that she reposed special confidence and trust in him; that in March, 1904, he represented to plaintiff that he could purchase for her the east half of the westerly half of lots 2 and 3, in block 26, of A. A. Denny's addition to Seattle, for the sum of $10,000; that said sum was the net purchase price to the owner; that he, Haynes, represented to plaintiff that he would negotiate the purchase of the property for plaintiff, and that, inasmuch as the owner would pay no commission, he, Haynes, would accept in full for his services one-half of the net profits that should result from such purchase in the event of a resale of the property; that, relying upon such representations, the plaintiff so agreed with said Haynes, and thereupon a written memorandum to said effect was drawn and signed by the plaintiff and by Haynes-Cowen Company. This written memorandum also recites that Haynes-Cowen Company will endeavor to get options on the remaining portions of said lots, and that any profits arising from the sale of any portion of the lots shall be equally divided between the plaintiff and Haynes-Cowen Company. It is alleged that the plaintiff, through said defendants, thereupon purchased the portion of said lots above particularly described, for the sum of $10,-000; that in February, 1905, the plaintiff, for the first time, learned that the representations so made by said Haynes were untrue, and were made for the purpose of deceiving

her, and to induce her to enter into said agreement; that in truth said defendants, at the time plaintiff purchased the property, were the agents and brokers of the vendor, and were paid by him the sum of $500 for effecting the sale to plaintiff; that, upon learning such facts, plaintiff refused to ratify or abide by the agreement, and still refuses. She asks that the agreement be declared void, and that it shall be cancelled.

Haynes-Cowen Company answered the complaint, and also interposed a cross-complaint, to the following effect: That, out of the $10,000 purchase price for said property, defendants paid a commission of $500; that they immediately took steps, in accordance with their agreement with plaintiff, to procure options upon the remaining portions of said lots, and did procure such option upon the west half of the westerly half thereof, and that the same was afterwards purchased, title thereto being taken by the plaintiff; that the purchase price therefor was $13,000, and that the same was obtained in the following manner, to wit: The south half of the west half of lot 3 was sold by plaintiff and defendants for $10,000, and the plaintiff furnished the additional $3,000; that defendants had full charge of all said negotiations; that plaintiff has invested the sum of $13,000, and that there remains unsold the north half of the west half of lot 3, and the west half of lot 2, the value of which is $40,-000; that defendants' interest therein is of the value of $12,500. At the trial, to conform to certain testimony as to value, the cross-complaint was amended so as to state the full value as $56,000, and defendants' interest therein as $21,500. It is alleged that plaintiff is endeavoring to defraud the defendants of their interest in the property, and has refused to account to them. The cross-complaint asks for the appointment of a receiver to sell the property and divide the proceeds according to the terms of said agreement.

The copartnership of Foster-Knipe Company filed a complaint in intervention, also making one L. B. May a defend-

ant thereto. The interveners allege that the owner of the first tract purchased by plaintiff had placed the property with them for sale at the price of $10,000, out of which they were to receive a commission of $500; that they authorized said May to procure a purchaser at said price, in which event he should have one-half of such commission; that May secretly placed the property in the hands of Haynes-Cowen Company, who effected the sale to plaintiff; that May has not accounted to interveners for their share of said commission; that May arranged with Haynes-Cowen Company to share equally with the latter in their interest arising from the resale of the property, and the interveners ask that they shall be declared to be the owners of an undivided half of that interest, and that said May and Haynes-Cowen Company shall be held to be the owners of the other half. May answered the complaint in intervention with denials, and also filed a cross-complaint against Haynes-Cowen Company, claiming a half interest with them in the profits accruing to them from the resale of the property.

The various conflicting claims as above shown were heard by the court at the trial, and a judgment was rendered with respect thereto. The judgment provides that, if the plaintiff shall, within thirty days, pay into the registry of the court $1,575, then the agreement between her and Haynes-Cowen Company shall be cancelled; that if she shall not so pay said sum, then an accounting shall be taken between the parties as to the profits arising from the purchase and sale of said property, and the same shall be divided as follows: The profits from the west half of the west half of said lots to be divided equally between the plaintiff and Haynes-Cowen Company, and those arising from the east half of the west half of the lots shall be divided as follows: One-half to plaintiff, one-fourth to Haynes-Cowen Company, one-eighth to Foster-Knipe Company, and one-eighth to L. B. May. It is further provided that in case $1,575 shall be paid into the registry of the court as aforesaid, then $1,450 thereof shall

be paid to Haynes-Cowen Company and $125 to Foster-Knipe Company; and in such case it is also provided that Foster-Knipe Company shall have judgment against L. B. May for $125. No costs were awarded to any of the parties. The plaintiff, Hanna, and the defendants Haynes-Cowen Company have appealed. The other parties to the judgment are making no contention against it in this court.

The contention of appellant Hanna is that it was error to award appellants Haynes-Cowen Company any relief whatever; while the latter contend that they should have been awarded the full one-half interest in all profits arising from the purchase and sale of all of said property. The court found that Haynes-Cowen Company were the agents of appellant Hanna, and that they were guilty of constructive fraud in concealing from her the fact that they received $250 of the $500 commission paid by the vendor on account of the first sale. It was, however, the view of the court that, notwithstanding such constructive fraud should operate to cancel the agreement between appellant Hanna and Haynes-Cowen Company as to division of profits from the property purchased and sold, still, under all the attending circumstances, she must do equity before she is entitled to such cancellation. The evidence shows that, in pursuance of said agreement, Haynes-Cowen Company procured options upon other property than that which was first bought, which resulted in additional purchases by appellant Hanna; that the negotiations were all conducted by Haynes-Cowen Company; that the latter took charge of said property, collected rents, paid assessments, arranged for water and sewer connections, looked after assessments for sewers, water mains, sidewalks, regrading the streets, and other municipal assessments upon the property; that at the time of the commencement of this action, of the property so procured for appellant Hanna she still held the title to the west half of lot 2, and the north half of lot 3, and that the same has since been sold for $36,-000, a net profit of $20,000 being realized therefrom; that

the services of Haynes-Cowen Company have resulted in very great profit to appellant Hanna, and are reasonably worth $1,575, the same being itemized in the findings.

The court therefore held that, to entitle her to the cancellation of the agreement, she must pay the above sum as the reasonable value of services which resulted in such great profit to her.   We think this was not error.   The amount found by the court is not unreasonable under the testimony. It is a well settled principle that he who seeks the aid of a court of equity must do equity.   He cannot retain what he has received from another in pursuance of a contract and at the same time ask the rescission in full of such contract.   He must at least offer to restore the status of the parties as it was prior to the contract.   Appellant Hanna has received and accepted the benefit of the services of Haynes-Cowen Company.   She must therefore restore the value of those services before she is entitled to a rescission of the contract. 1 Pomeroy's Eq. Jurisp. (3d ed.), § 385; *Lane v. Latimer,* 41 Ga. 171; *Anderson v. Anderson Food Co.* (N. J.), 57 Atl. 489; *Sullivan v. California Realty Co.,* 142 Cal. 201, 75 Pac. 767; *Alexander v. Wallace,* 18 Tenn. 104; *Starrett v. Keating,* 61 Ill. App. 189; *Nutter v. O'Donnell,* 6 Colo. 253; *Byars v. Spencer,* 101 Ill. 429, 40 Am. Rep. 212.

For the foregoing reasons, appellant Hanna cannot prevail in her appeal, and we will now examine the appeal of Haynes-Cowen Company.   It is contended that the court erred in finding that these appellants were guilty of constructive fraud.   Mr. Haynes testified that Mr. May brought to his attention the fact that May was authorized to sell the first tract purchased for $10,000, and that the owner would pay from that sum a commission of $500; that he thereupon negotiated the purchase for Mrs. Hanna, paid the vendor $9,500, and offered $500 to Mr. May as his commission for effecting the sale for the owner; that May insisted that he should share with Haynes-Cowen Company in the profits on

resale of the property, and that thereupon $250 of the $500 was paid to May, and the remaining $250 was retained by Haynes-Cowen Company for allowing May an interest in the profits to accrue from resale. May denied the above, and testified that at the time of the purchase he did not know that the commission was collected by Haynes-Cowen Company, as the agreement had been to share in the profits as their compensation; but that he did afterwards accept $250 of the commission.

The court found that May refused to accept the $500, and demanded a half interest in the profits to be derived from resale; that Haynes-Cowen Company agreed with him that they would retain $250 of said commission, and would give him a one-half interest in the selling profits. The court did not find that an interest in the profits was sold to May for the $250, as testified in effect by Haynes; but simply that one-half of the commission was retained and that May was also to share in the profits. The finding as made does not necessarily conflict with May's testimony that an agreement was made, before the purchase was made, that they should share in the profits as their compensation for the deal.

It was further found that, by reason of the confidential relations between Mrs. Hanna and Haynes-Cowen Company as her agents, it was constructive fraud to conceal from her the fact that they received $250 of said $500. These appellants contend that it was error to find that the relation of principal and agent existed, and they insist that the relation was that of partnership. We think, however, that the court's finding in that regard was amply justified. That being true, we also think that, in the interest of clean, wholesome dealing between persons sustaining confidential relations, the further finding that there was constructive fraud was also justified. When all is said, the fact remains that Haynes-Cowen Company received $250 of the commission paid by the vendor for selling the property to Mrs. Hanna, and whatever may have been the circumstances by which in their own minds

they justified its retention, they, as her confidential agents, nevertheless concealed the fact from her. They could not share in the compensation paid by the vendor without the knowledge of the vendee and at the same time render the highest and best services for the vendee whose confidential agents they were. In the interest of public policy, a contract made under such circumstances may be avoided. 4 Am. & Eng. Ency. Law (2d ed.), 984, 985; *Shepard v. Hill,* 6 Wash. 605, 34 Pac. 159; *Cannell v. Smith,* 142 Pa. St. 25, 21 Atl. 793, 12 L. R. A. 395; *Leathers v. Canfield,* 117 Mich. 277, 75 N. W. 612, 45 L. R. A. 33; *Collins v. McClurg,* 1 Colo. App. 348, 29 Pac. 299; *Rice v. Davis,* 136 Pa. St. 439, 20 Atl. 513, 20 Am. St. 931; *Van Dusen v. Bigelow* (N. D.), 67 L. R. A. 288. In such case the burden of establishing perfect fairness and equity is upon the agent, and in the absence of satisfactory proof, courts of equity treat the case as one of constructive fraud. *Condit v. Blackwell,* 22 N. J. Eq. 481.

For the foregoing reasons, we think the appeal of Haynes-Cowen Company must also fail, and the judgment of the trial court is affirmed. Since neither appeal is sustained, no costs shall be recovered by either party in this court.

MOUNT, C. J., FULLERTON, CROW, ROOT, and DUNBAR, JJ., concur.