[No. 26101. Department Two. July 6, 1936.]

M. Melker, *Respondent*, v. Detroit Fire and Marine Insurance Company *et al., Defendants,* John Manos, *Appellant.*[1]

*Henry J. Gorin,* for appellant.

*Joseph Matsen* and *Eli M. Paulson,* for respondent.

Holcomb, J.—This appeal is from an order sustaining a demurrer interposed by respondent to the affirmative answer and cross-complaint contained in the second amended answer of appellant and from judgment entered on the pleadings.

In his complaint, respondent sues to recover on three fire insurance policies. The complaint alleges that respondent was and is the owner of real property

[1]Reported in 59 P. (2d) 363.

located at 1515-17 Phinney avenue, Seattle, which property was at all times prior to August 26, 1934, improved with a frame building used as a skating rink. It further alleges that three policies of fire insurance were issued by the Detroit Fire and Marine Insurance Company and the Columbia Fire Insurance Company, and while these policies were in full force and effect, the building above described was destroyed by fire on August 25, 1934, and that the loss sustained thereby amounted to $5,338.25; that proof of loss was given to the insurance companies is alleged, and re-. covery in amounts equal to the face value of the three policies on three different causes of action in the total sum of five thousand dollars is prayed.

The insurance companies appeared and admitted liability on the policies, but asserted that one John Manos also claimed a right to the money. Thereupon, the five thousand dollars was deposited by the insurance companies in the registry of the court, and appellant was substituted as defendant instead of the insurance companies. Having thus become a party defendant, he served and filed his answer, affirmative defense and cross-complaint. A demurrer was interposed thereto by respondent on the ground that it did not state facts sufficient to constitute any defense or cause of action, which was sustained by the trial court. Appellant elected to stand upon his answer and cross-complaint, but appealed to this court before any final judgment had been entered in the case, and the appeal was dismissed. (*Melker v. Detroit Fire & Marine Ins. Co.*, 182 Wash. 267, 46 P. (2d) 1059.)

Upon the going down of the remittitur in that appeal, on the day of the hearing, appellant moved in open court for leave to amend and for a continuance. That leave was granted, and he filed an amended answer and cross-complaint identical with the first,

except in the prayer thereof appellant prayed for an accounting and further added the word "solely" before the last word in paragraph II of his affirmative defense and cross-complaint.

Respondent again interposed a demurrer to the affirmative matter and cross-complaint, and at the same time moved for judgment. When the matter was heard in the trial court, respondent's demurrer was again sustained, but appellant was again granted leave to amend. He then filed and served a second amended answer therein, to which respondent demurred and again moved for judgment. The demurrer was sustained and this time the trial court granted respondent judgment and dismissed appellant's cross-complaint.

In his two first affirmative answers and defenses, appellant alleged that, on October 21, 1924, he entered into a written contract with one Fischnaller and wife to purchase the real estate on which the fire occurred, and that the real estate and contract was subsequently sold by the fee owners to respondent herein. It is alleged in all of the pleadings of appellant that the full purchase price of the property, under the terms of the contract, agreed to be paid by him was the sum of $12,500, of which $1,500 was paid by him upon the execution of the real estate contract. It is further alleged by him in all of his pleadings that the balance was to be paid in semi-annual installments of $700 each, and that he was to pay the taxes and assessments and maintain insurance on the structure. A copy of the contract is attached to his original answer. It is alleged in all of his answers, including the last one, that, on May 6, 1926, there was a balance owing under the contract of $9,996.43, as shown by an itemized statement incorporated as an exhibit.

In his first two answers, appellant alleges that, at

the time of the fire, the real estate contract had not been cancelled nor had any notice of intent to cancel the same been given. In his last answer, he alleges that the contract had been cancelled and an oral contract substituted in lieu thereof which provided that Melker and Manos would jointly borrow four thousand dollars on their joint note, which loan was to be used by Melker in clearing title to the property; that Manos, at his own expense and in his own name as owner, should contest the questions as to the authority of the city to "zone him out of business" and finally determine the legal usefulness of the buildings, which had been bought and sold, as alleged in Manos' complaint, solely as an amusement enterprise; that Manos should continue to occupy the buildings and improve them so as to constitute a first-class and safe place of amusement; and that they would engage in the above undertakings as copartners, or joint adventurers, and that an accounting would later be had between them on the basis of the purchase price of $12,500 regarding the property or the value thereof.

Appellant alleges in his last pleading that he fully performed all the undertakings upon his part, and Melker did likewise until the fire occurred, when he refused to account to Manos.

Appellant cites *Hanna v. Haynes*, 42 Wash. 284, 84 Pac. 861, to the effect that, where one has by his efforts or money enhanced the value of real estate of another with the consent or by the invitation of the owner, the value of the enhancement may be recovered, even though the person making the advancement is not without fault.

Here, whatever enhancement to the value of the real estate was created by appellant, whether under the written contract, as he several times averred, or under the oral contract, as he now declares, there is

still a large balance due from appellant to respondent of more than the amount of the insurance, which no accounting between the parties could do other than take into account. There would still be several thousand dollars deficiency due respondent from appellant.

Appellant does not allege that the policies contain any provisions which entitle him to participate in the insurance fund. The expenditures which he alleges he has made on account of the several matters cannot be credited on the purchase price, because he has nowhere alleged that there was any agreement that they should be so credited. On the contrary, he has alleged that the sum of $12,500 should be the basis of the purchase price, and nowhere alleges any facts to show that the purchase price has ever been reduced to a sum less than $9,996.43, which he alleges was owing respondent on May 6, 1926.

*State ex rel. Ratliffe v. Superior Court,* 108 Wash. 443, 184 Pac. 348, and *Wester v. South Seattle Land Co.,* 174 Wash. 276, 24 P. (2d) 633, cited by him, upon the facts are vastly different from the allegations in this case, and at all events, seem more contrary to the contentions of appellant than favorable.

The judgment of the trial court is right and is affirmed.

MILLARD, C. J., MAIN, BEALS, and BLAKE, JJ., concur.