KUTUSOFF N. MACFEE and another *vs*. MARGARET HORAN.

January 14, 1889.

**Pleading—General Denial—Evidence.**—In an action by an agent to sell real estate, for his commissions on a sale, a denial, in the answer, of the agreement authorizing him to sell, will not admit proof that, while making the sale, he was also acting as agent for the buyer in making the purchase.

Plaintiffs brought this action in the district court for Hennepin county, to recover commissions claimed to have been earned by the sale of certain real estate for the defendant. The answer admitted the employment of plaintiffs by defendant, and the sale of the real estate, but alleged that it was agreed between plaintiffs and defendant that the plaintiffs' commission should only be paid out of certain proceeds of the sale, and that the purchaser had refused to complete the sale, and such proceeds had never been received by defendant. No other defence was pleaded, excepting a general denial. Upon the trial, before *Rea*, J., without a jury, the defendant was allowed, against plaintiffs' objection, upon cross-examination, to bring out the evidence referred to in the opinion. On defendant's motion the action was dismissed by the court when plaintiffs rested their case. Plaintiffs appeal from an order refusing a new trial.

*Jackson, Atwater & Hill,* for appellants.

*C. D. & Thos. D. O'Brien,* for respondent.

GILFILLAN, C. J. It was error in the court below to admit, against plaintiffs' objection, evidence tending to prove that, while plaintiffs were the agents for the defendant to sell the land, and were making the sale of it to Peck, one of them—MacFee—was agent also for his (MacFee's) brother, and was acting for him in forming a "pool," of which the brother was to be a member, for the purpose of taking from Peck, at a small advance on the price to be paid by him, a transfer of the land. Without considering whether the facts of which evidence was thus admitted would bring the case within the rule that denies the right of compensation for making a sale of property to an agent authorized to sell it, where he, without the consent of his

principal,—the seller,—has acted in the inconsistent relation of agent for the buyer in purchasing at the sale, it is enough for the purposes of this case that the facts of which evidence was thus admitted were not pleaded. Such facts could not be proved under a denial of the agreement sued on, nor under a denial of plaintiffs' performance of it. That agreement was valid. There was nothing in it immoral or contrary to public policy. The case is therefore not analogous to that in *Oscanyan* v. *Arms Co.*, 103 U. S. 261, 267, (even if the rule as to pleading laid down in that case would be followed here,) for in that case the contract sued on was a corrupt one, forbidden by morality and public policy. Here what is relied on to defeat a recovery is alleged conduct or acts of plaintiffs independent of the contract, and not affecting its validity. A denial of the contract authorizing plaintiffs to sell would in no way apprise them that defendant intended to rely as a defence on proof of such conduct or acts.

Order reversed.