[No. 694.  Decided July 6, 1893.]

D. B. SHEPARD AND J. D. MOODY, *Respondents*, v. A. P.
HILL AND J. LORING WHITTINGTON, *Appellants*.

PARTIES — DEFECT OF PARTIES PLAINTIFF — ESTOPPEL OF DEFEND-
ANT — REAL ESTATE BROKERS — AGENT OF BOTH PURCHASER AND
SELLER — NON-SUIT.

Where a person is joined as a party plaintiff in an action by an
amended complaint, after the answer of defendants had averred
such person had an interest in the controversy, the defendants can-
not afterward, on appeal, raise the objection that such additional
party plaintiff is not a party in interest.

A real estate broker, who secretly acts as the agent both of the
purchaser and of the seller in a sale of land, is guilty of constructive
fraud, and is not entitled to recover commissions from the seller;
and should be non-suited in an action for commissions, if such fact
sufficiently appears from the evidence.

*Appeal from Superior Court, King County.*

*Bausman, Kelleher & Emory*, for appellants.
*Thompson, Edsen & Humphries*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J. — In discussing this case we shall proceed
on the theory that Shepard and Moody are proper parties
plaintiff in this action.    The action was originally begun
by Shepard, but appellants answered, averring the fact
to be that Moody had an interest in the controversy, and
that Shepard was not the sole party in interest.    Upon
this suggestion in the answer, and after consultation with
Moody, the fact was conceded by the respondent, and an
amended complaint was filed in which Moody was made a
party to the action, and appellants will not now be heard
to raise the objection that Moody is not a party in interest.
Besides, the testimony shows that Shepard and Moody

were to share alike in the benefits flowing from the business.

We will not enter into any discussion of the question as to whether the land sold was actually sold to Hawley or to Elliott. If sold to Elliott then of course it follows, and is conceded by the respondents, that this case must fail; but that question was submitted to the jury, the testimony is conflicting, and the jury evidently believed that the sale was made to Hawley. There is sufficient testimony to sustain this finding, and this court will not disturb it. But conceding that the sale was made to Hawley it seems to us that it is not only shown by the whole testimony, but that it is conclusively shown by the testimony of the plaintiffs, that this is a case of a broker obtaining a commission from two employers whose interests are antagonistic, and that the plaintiffs by their own showing prove themselves the agents both of Hawley, who desired to purchase, and of Hill & Whittington, who desired to sell, and are, therefore, guilty of constructive fraud.

We think there can be no controversy about the correctness of the proposition that a broker who is in the secret employ of both parties cannot obtain a commission from either. This rule is based upon the principle governing agency, viz., that an agent owes his whole duty to his principal, and it is easy to realize the fact that he cannot exercise his whole duty to two principals whose interests in the subject matter of the agency are conflicting. If plaintiffs were employed by Hawley to purchase land for him they became his agents for that purpose, and if they were employed by defendants to sell the same land, they also became their agents, and plainly they could not do their whole duty to either of their principals. It makes no difference in principle that the defendants did not own the land, but that they were employed by the owners to sell it. Their chances of selling would naturally be dimin-

ished if the purchaser, in addition to the price asked by
them, had to pay a percentage to their agent.   In this case
the land to Hawley was five per cent. higher than it would
have been if plaintiffs had not been employed by him.
The chance of his purchasing was lessened in that propor-
tion, hence the plaintiffs did not do their duty to their
principals, the defendants; so, too, on the other hand, they
failed to do their whole duty to their other principal,
Hawley; they became, in fact, both purchasers and sellers,
dual capacities which the policy of the law condemns.
When a man is entrusted with the business of another he
will not be allowed to prejudice his employer's interest by
so representing the business that he will realize something
out of it for himself outside of the remuneration of the
employment.    Or, as was more forcibly expressed in 8
Tomlins Brown, 72:

"The ground on which the disqualification rests is no
other than that principle which dictates that a man cannot
be both judge and party.   No man can serve two masters;
he that is entrusted with the interests of others cannot be
allowed to make the business an object of interest to him-
self, because from a frailty of nature one who has the
power will be too readily seized with inclination to use
the opportunity for serving his own interest at the expense
of those for whom he is entrusted.    The danger of temp-
tation from the facility and advantage for wrongdoing
which a particular situation affords does, out of the mere
necessity, work a disqualification."

It is unnecessary, however, to enlarge on this principle;
or to quote authorities in support of it, as it is conceded by
the respondents that such is the law governing the case
where a property owner employs a broker to sell real es-
tate for him, and where the broker secretly takes employ-
ment from the person to whom he is going to sell real
estate, and thereby serves two masters for the purpose
of doubling his commission; but they insist that this

case is easily distinguished from that kind of a case, and that this is simply the kind of a case where one is employed to introduce the buyer and seller, in which case it is undoubtedly the law that the middleman is entitled to receive a remuneration from both buyer and seller. Several cases are cited by respondents in support of this doctrine, but as we understand the evidence in this case, neither the facts nor the reasoning of those authorities will apply to the case at bar. From the plaintiff's own testimony they *did* have something else to do than to introduce the buyer or seller or bring them together; they plainly undertook with one party to buy, and with the other party to sell. Indeed we should judge from the complaint itself that the action was brought on the theory that plaintiffs were land brokers, and were employed to sell the land in question. Certain it is that the testimony of the plaintiffs (not taking into account the testimony of the defendants) conclusively shows that they understood the fact thoroughly, that they did do something else than to introduce the buyer and seller; they submitted the land to Hawley and submitted the price to him, and did everything they could to make a sale. They boldly testify that they did not intend to reveal the name of the purchaser until they knew whether he intended to purchase. There is nothing in the testimony to distinguish their actions from the actions of the ordinary land broker who is employed to sell, excepting that their direct employers did not own the land, which, as we have before said, does not change the principle governing this case.

Defendant's motion for a non-suit should have been granted, for there was sufficient uncontradicted testimony to show that plaintiffs were secretly in the employ of both buyer and seller, and if the jury had been properly instructed concerning the law governing such cases the verdict should have been for the defendants in this case. This

case would have to be reversed in any event, for the instructions complained of by appellants are palpably erroneous, and we think the exceptions taken by the appellants were as definite as the manner in which the instructions were given by the court would allow; and inasmuch as the facts testified to by the plaintiffs in our judgment preclude them from a recovery, the non-suit should have been granted.

The judgment is, therefore, reversed, and the cause remanded with instructions to grant the non-suit asked by the defendants.

STILES, ANDERS, HOYT and SCOTT, JJ., concur.