CHILDS, RESPONDENT, *v.* PTOMEY, ET AL., APPELLANTS.

[Submitted February 7, 1896.  Decided February 17, 1896.]

CONTRACTS—*Broker's commission—Pleading and proof—Variance.*—In a suit for a commission on the sale of a mine where plaintiff pleaded a contract specifying a stipulated price for the mine which he was to obtain and for which a fixed commission was to be allowed, and on the trial proved a sale for a much less sum to parties whom plaintiff had introduced to defendants for the purpose of permitting them to negotiate directly with the purchasers, but introduced no evidence that such purchasers were ready or willing to pay the price stipulated in the contract, or evidence excusing their failure to do so, the variance between the pleading and proof was fatal and a nonsuit should have been granted.

SAME—*Same—Instructions.*—In an action to recover commission for selling a mine under an express contract to obtain a certain price, instructions based upon the theory that plaintiff's right to recover was not contingent upon his agreement as pleaded, but that recovery could be had if a purchaser was found, are erroneous.

SAME—*Same—Evidence.*—In an action to recover a commission for selling a mine it is competent for the purchaser to testify that it was through the instrumentality and efforts of the plaintiff that he bought the mine; but it is incompetent for him to testify as to statements of the plaintiff as to commissions coming to him from the owners.

SAME—*Same—Double employment—Pleading.*—In an action for commissions for selling a mine, the defense that plaintiff could not recover because acting for both parties without disclosing his double employment. must be pleaded.

SAME—*Broker—Double employment.*—An agreement to pay a middleman for services of value rendered, cannot be avoided because another person with distinct interests has agreed by a separate contract to pay for the same services.

SAME—*Broker—Compensation from both parties.*—A broker is entitled to compensation from both parties, on an agreement from each, when he brings them together so that they may make a contract without his interference.

SAME—*Agency—Opinion of witness—Evidence.*—In an action for a commission for selling a mine, the opinion of witnesses as to whether plaintiff was acting as agent for the defendant is incompetent.

*Appeal from Fifth Judicial District, Madison County.*

ACTION on contract.  The cause was tried before SHOWERS, J.  Plaintiff had judgment below.  Reversed.

Statement of the case by the justice delivering the opinion.

Plaintiff sues the defendants to recover the sum of $3,000, alleged to be due upon a contract for the payment of a commission by defendants to plaintiff, for the procuring a purchaser and effecting the sale of the Lucas Mine, owned by the defendants, and situated in Madison county.  The complaint alleges that in May, 1893, plaintiff and defendants entered into an agreement whereby the defendants engaged and procured

the services of plaintiff to effect a sale of said mine, and to procure a purchaser for said property for the defendants, and that it was then and there agreed that the consideration that should be asked, and the fixed price for the said mine and property should be, and was then and there agreed to be, $18,000, and the plaintiff was to have and receive $3,000 for his services, influence, and effort to effect a sale of said mine and property, and for procuring a purchaser for said property.

It is further alleged that plaintiff, relying upon the aforesaid contract and agreement, and in pursuance of said employment, did procure a purchaser for the defendants' property, and did bring about, induce, and effect a sale of the Lucas Mine to one Best of Tacoma, and that said Best in September, 1893, bought said mine for $10,000 in cash, and that ''only for the unreasonableness of defendants requiring the consideration for the sale of said mine and property to be paid in spot cash, the same could and would have been sold at a sum greatly in advance of the sum mentioned in the deed of conveyance, to wit, $10,000.''

Plaintiff further alleges that he duly performed all and singular the terms and conditions of said contract and agreement upon his part that were required to be done or performed, but that he has never been paid his $3,000, and that the defendants refuse to pay the same, or any part thereof. The complaint contained another count, for the services rendered in making the sale, in payment upon *quantum meruit.*

Before the trial the defendants made a motion to compel the plaintiff to elect upon which count of his complaint he would proceed, whereupon he abandoned the last count, and elected to try the case on the original contract.

A general demurrer was interposed by the defendants to the first count of the plaintiff's complaint. This was overruled. Defendants answered, denying all the allegations of the complaint, except the fact of the purchase of the property by Best for the sum of $10,000.

The trial was had before a jury. The plaintiff recovered a general verdict. The defendants appeal from the order over-

ruling their motion for a new trial, and from the judgment in favor of the plaintiff.

*W. A. Clark* and *Geo. F. Shelton*, for Appellants.

The plaintiff declared specially on the contract, the terms of which he fully set forth in his complaint. Having elected to rely at the trial upon the special count of his complaint and abandoned the count in assumpsit, he must stand or fall by by the allegations of the contract pleaded. (*Cutter* v. *Powell*, 6 Term Rep. 320; 2 Smith's Lead. Cas. 1; *Simonton* v. *Kelly*, 1 Mont. 363; *Ryan* v. *Dunphy*, 4 Mont. 342.) The commission was conditional upon procuring a purchaser at the agreed price of $18,000, and this was a condition precedent to plaintiff's right of recovery. If an excuse is relied on plaintiff should have averred his readiness to perform, and the particular circumstances constituting such excuse should be set forth. (*Oakley* v. *Morton*, 11 N. Y., 25; *Connell* v. *Haight*, 21 N. Y., 462; *Smith* v. *Brown*, 17 Barb. 431.) The excuse relied on is insufficient. The power to sell land does not of itself imply an authority to sell on credit. The presumption is that the sale is to be for cash. (Meachem on Agency, § 325; *Lumpken* v. *Wilson*, 5 Heisk, 555.) Plaintiff must have averred that the party produced by him was able, willing and ready to pay the sum of $18,000 for the property, and his failure to do so rendered his complaint vitally defective. (*Blodgett* v. *Sioux City*, 63 Iowa, 606; *Jacobs* v. *Shennon*, (Ida.), 29 P. R. 44; *Tousey* v. *Etzel* (Utah), 34 P. R. 291; *Siebald* v. *Bethlehem Iron Works.*, 83 N. Y. 378-383, 384, 390; *Wylie* v. *Marine Bank*, 61 N. Y. 416-418; *Aiegler* v. *Carpenter Place Land Co.*, 33 P. R. 593; *Babcock* v. *Merritt* (Colo.), 27 Pac. Rep. 882 and cases cited; *Dolan* v. *Scanlan*, 57 Cal. 261; *Masters* v. *Giffing*, 33 Cal. 111; *Middleton* v. *Findala*, 25 Cal. 76, 22 Am. Rep. 441.) Stipulation as to price is not waived by selling the property by the defendants to a party introduced by agent, unless it is shown that party produced was able and willing to pay stipulated price, and this fact was known to the defendants. (*McArthur* v. *Slausson*, 53 Wis. 41; *Hamlin* v. .

*Shultz*, 31 Min. 486.) The motion for a nonsuit should have been sustained. The action purports to have been brought on an express promise, and it must be proved as alleged. (*Lawrence* v. *Weir* (Colo.), 33 P. R. 646; *Higgins* v. *Germaine*, 1 Mont. 230; *Simonton* v. *Kelly*, 1 Mont. 363; *Ryan* v. *Dunphy*, 4 Mont. 342; *Gilman* v. *Boots*, 63 Cal. 120; *Cox* v. *McLaughlin*, 63 Cal. 196; *Johnson* v. *Moss*, 45 Cal. 517.) A case proven and not pleaded cannot support a judgment. (*Bryan* v. *Tormey*, 84 Cal. 126.) Any concealment or deceit toward his principal forfeits his right to commission. (*Pratt* v. *Patterson's Ex'rs* (Pa.) 3 Atl. 8538.) A real estate broker acting as such and not as a middleman, with the knowledge of both parties that he acts for both, cannot recover from either if employed by and entitled to compensation from the others, unless this double employment was disclosed to and assented to by both. (*Walker*. v. *Osgood*, 98 Mass. 348; *Rice* v. *Wood*, 113 Mass. 133; *Farnsworth* v. *Herman*, 1 Allen 494; Meachem on Agency § 972; *Finnerty* v. *Fritz*, 5 Colo. 174; *Robbins* v. *Sears*, 23 Fed. 875.) The evidence of the parties who negotiated the purchase of the property clearly shows that they did not negotiate for the property by reason of any information received from plaintiff, and at the time of their visit in May they neither considered any proposition of plaintiff, nor inquired the price of the property or opened any negotiations with the defendants or any one else for the purchase of the property; that they did not like the property. Such being the fact then and there the alleged employment of the plaintiff ended. (*Earp* v. *Cummings*, 54 Pa. St., 394; *Doonan* v. *Ives*, 73 Ga. 295; *Wylie* v. *Marine Bank*, *supra*; *Armstrong* v. *Wam*, 29 Minn., 126; *Castner* v. *Richardson*, 33 P. Rep. 163; *Siebald* v. *Bethlehem Iron Works*, 83 N. Y. 378; *Babcock* v. *Merritt*, 1 Colo. App. 84; *Lawrence* v. *Weir*, (Colo. App.) 33 Pac. Rep. 646 and cases therein cited; *Aiegler* v. *Carpenter Place Land Co.*, 33 Pac. Rep. 593.)

*Smith & Word*, and *J. E. Callaway*, for Respondent.

The appellate court may regard the complaint as amended

to correspond with the proof, when the amendment is such as could have been made after the trial. (*Fallon* v. *Lawler*, 102 N. Y. 233; *Whitney* v. *Houghton*, 127 Mass. 527; *Lavelle* v. *Lowry*, 5 Mont. 498; *Enright* v. *Insurance Co.*, 91 Mich. 238; *Worder* v. *Gibbs*, 92 Mich. 27; *Smith* v. *Pinney*, 86 Mich. 484; *Trowbridge* v. *Barrett*, 30 Wis. 661; *Hodge* v. *Sawyer*, 34 Wis. 397; *Miller* v. *Spaulding*, 41 Wis. 221 *Goff* v. *Supervisors*, 45 Wis. 55; *McKinley* v. *Jones et al.*, 55 Wis. 39; *Law* v. *Fletcher*, 84 Ill. 45; *St. Louis A. & T. R. R.* v. *Triplett*, 2 L. R. A. 773; 1 Ency. of Plead. & Practice, 582; *Hirshfield* v. *Aiken*, 3 Mont. 442; *Wormall* v. *Reins*, 1 Mont. 630; *Hartly* v. *Preston*, 2 Mont. 415.) The evidence introduced without objection supplied the omission in the complaint. (*Anderson* v. *Hulme*, 5 Mont. 299; *Hogan* v. *Shuart*, 11 Mont. 498.) The rule of law invoked by appellant that a real estate broker cannot recover from either party if employed by the other unless his double employment be disclosed, is true only where he actually superintended the transaction, and all negotiations are carried on through him. But where the broker only engages to bring the parties together and let them deal directly with each other he can rightfully collect from both if he contracts with them for his services. (*Orton* v. *Schofield*, 61 Wis. 382; *Rupp* v. *Sampson*, 16 Gray, 398; *Batheimer* v. *Reichardt*, 55 How. Pr. 414; *Redfield* v. *Tegg*, 38 N. Y. 212; *Green* v. *Robertson*, 64 Cal. 75; *Muller* v. *Keetzleb*, 7 Bush. (Ky.) 253; *Finnerty* v. *Fritz*, 5 Colo. 174; Ency. Law, Vol. 2, page 589; *Vinton* v. *Baldwin*, 88 Ind. 104.) The appellants cannot now raise in this court the question as to whether respondent received pay from purchasers of appellants' property. They should have raised this in their answer below. It was a special defense to avoid their contract if it existed. (*Duryee* v. *Lester*, 75 N. Y. 442; *McKinly* v. *Bull*, 16 N. Y. 297; 1 Chitty Plead., 501; Bliss on Code Pleading, § 352, 2d Ed; Moak's Van Santvord's Pleadings, § 661; *Evans* v. *Williams*, 60 Barb. 346.)

Hunt, J.—The evidence of the plaintiff himself tends to show that, at an interview with Mr. Ptomey, one of the de-

fendants, he asked Ptomey what his price was for the mine, and was told, "$15,000 cash," whereupon the plaintiff said he would have to ask the parties he brought to look at the mine $18,000; that he told Mr. Ptomey that he would bring some parties to him within four or five days, and he could make his own negotiations; that the parties came within a few days, and were introduced to the Ptomeys by the plaintiff; that subsequently, in July, negotiations were had between the defendants and certain persons representing the purchasers of the mine; that in September one J. B. Best, who had been represented by the parties who had been introduced to the Ptomeys by the plaintiff, purchased the mine for $10,000. The plaintiff was then asked whether he had told the Ptomeys, when they said they asked $15,000 for the mine, that if he brought purchasers there, or persons through whom a sale was made, he would require $3,000 for his services. The plaintiff answered in this way : "Yes, sir; I don't know that I said so in the exact language, but that is what I meant. Yes, sir. The conversation regarding the price was $15,000. They had decided to ask $15,000 cash for the mine, and I said I should want $3,000 as my commission, that I expected parties, and that I would bring them here, and introduce them to them, and they could make their own negotiations,—negotiate direct with the people. They said, with reference to that proposition of mine, they would have to ask $18,000. They said it was satisfactory—it suited them exactly—to negotiate direct with the people, instead of through me, or words to that effect. Henry Ptomey said that. There was no dissent or objection to the price that I stated at that time by either of the defendants." Plaintiff did not attempt to prove that his clients were ready or willing to pay $18,000 for the mine, nor did he offer any excuse in his testimony for their not doing so.

At the conclusion of plaintiff's testimony, the defendants moved for a nonsuit for the reason that the plaintiff had failed to prove "the substantial allegation of his complaint," and had failed to prove the contract, relied upon and set out in the complaint,   *   *   *   or that he had sold the mine for the

price stipulated and pleaded in the complaint. This motion was overruled.

We think this was error. The contract alleged in the complaint contained an express provision to the effect that plaintiff would find a purchaser for the mine for the sum of $18,000, but the theory upon which the plaintiff actually sought to recover was that he might recover his $3,000 commission without regard to that part of the agreement pleaded. This variance was not cured throughout the trial. The defendants consistently denied any such agreement. The divergence extended to such an important fact that the cause of action, as proved, was another than that set up in the complaint. No leave to amend was asked. The defendant was therefore entitled to a nonsuit. (Pomeroy's Code Rem., § 553; *Johnson* v. *Moss*, 45 Cal. 515; *Bryan* v. *Tormey*, 84 Cal. 126, 24 Pac. 319; *Newell* v. *Nicholson, ante,* page 389.

The instructions, too, were evidently drawn upon the erroneous theory that plaintiff's right to recover was not contingent upon his agreement as pleaded; but that he could recover $3,000 commission if he found a purchaser for the mine, without regard to the material issue of the price that the customer should pay. Plaintiff recovered a general verdict and contends it is sufficient. But where the pleadings raised materially different law issues from those tried, and defendants saved their rights upon the trial, and no amendments were made, and the jury were instructed without proper regard to the issues of the complaint and answer, a verdict without specifying the amount of the recovery cannot aid the plaintiff in curing such antecedent substantial defects.

The judgment must be reversed, and the cause remanded, with leave to the plaintiff to properly amend his complaint.

We will briefly indicate our views upon the more important points raised in the briefs of counsel.

Best, the purchaser of the mine, was a witness for plaintiff by deposition. He was asked to state what, if anything, he said to plaintiff, while at Virginia City, in connection with the purchase of said mine, and after he had visited the mine, that

it would be a sale, or that he would purchase the mine. De-
fendant objected, on the ground that the question was incom-
petent and immaterial, and called for hearsay testimony. The
court overruled the objection. The witness answered that
plaintiff told him, in the event of the Ptomeys selling to his
(witness') syndicate, the plaintiff had a commission coming
from the Ptomeys, and witness told plaintiff that he would let
him know when to go and get his commission. It was com-
petent for the purchaser to testify to the fact that it was
through the instrumentality and efforts of the plaintiff that he
bought the mine, but the statements made between the broker
and the purchaser in relation to commissions coming to him
from defendants were not competent. If defendants relied
upon the defense that plaintiff could not recover because he
was employed by both parties, unless his double employment
was disclosed, it seems that matter should have been pleaded
as a distinct affirmative defense. (Pomeroy's Code Rem., §
660; Bliss on Code Pleading, § 352.)

Where however, there is an agreement to pay a middleman
for services of value rendered, honestly entered into, it cannot
be avoided on the ground that another person, with distinct
and independent interests, has agreed, by a separate contract,
to pay for the same services. If the broker only undertakes
to bring the parties together, so that they may make a con-
tract, if they choose, without his interference in the contract
itself, as the agent of either party, he is entitled to compensa-
tion from both, on an agreement from each. (Rapalje on
Real Estate Brokers, page 176; *Rupp* v. *Sampson*, 16 Gray,
398; *Herman* v. *Martineau*, 1 Wis. 151.)

Certain answers of defendants' witnesses, who said they
"never considered plaintiff the agent of the Ptomeys, were
stricken out against defendants' objections." The opinion of
the witnesses was immaterial and properly excluded.

As we think the question whether plaintiff acted as an agent
of the plaintiff and defendants ought to have been pleaded be-
fore testimony tending to show he did so act was competent,
it is unnecessary to further consider objections based upon the
theory that such was his attitude.

Judgment reversed, and cause remanded, with leave to plaintiff to amend his complaint, and try the case anew.

*Reversed.*

PEMBERTON, C. J., and DE WITT, J., concur.

