[No. 4669.    Decided July 14, 1903.]

DARROW INVESTMENT COMPANY, *Respondent,* v. ARTHUR
A. BREYMAN, *Appellant.*

REAL ESTATE BROKERS — AGENT FOR SELLER AND PURCHASER — ACTION
FOR COMMISSIONS — INSTRUCTIONS.

In an action by a broker to recover commissions upon a sale
of real estate, the refusal of the court to instruct the jury that
plaintiff could not recover if they should find that, in making
the sale, he was acting as agent for the purchaser as well as
for the defendant, and that defendant was not informed of that
fact, was not error, when it appeared from the evidence that
defendant was aware that plaintiff was acting as agent for both
parties.

Appeal from Superior Court, King County. — Hon.
ARTHUR E. GRIFFIN, Judge. Affirmed.

*Allen, Allen & Stratton,* for appellant:

The rule which prohibits an agent from acting for both
seller and buyer equally forbids him from having any per-
sonal interest in the sale other than the commission. *Mar-
tin v. Bliss,* 10 N. Y. Supp. 886; *Tyler v. Sanborn,* 4 L.
R. A. 218.

*Moore & Farrell,* for respondent:

When the broker is a mere middleman, without any
discretion, but bound to find a purchaser who is ready,
willing and able to buy the property upon the terms fixed
by the seller, he can contract for and recover compensa-
tion from both parties. *Orton v. Scofield,* 61 Wis. 382;
*Shepherd v. Hedden,* 29 N. J. Law, 334; *Mullen v. Keetz-
leb,* 7 Bush, 253; *Wyckoff v. Bliss,* 12 Daly, 324; *Green
v. Robertson,* 64 Cal. 75; *Siegel v. Gold,* 7 Lans. 177.

The opinion of the court was delivered by

MOUNT, J.—This is an action to recover commissions on a sale of real estate. The complaint alleges, in substance, that in January, 1902, defendant employed plaintiff to find a purchaser of certain real estate at a specified price and terms, and agreed, if plaintiff found such a purchaser, to pay plaintiff a commission of five per cent. on the purchase price; that plaintiff did find a purchaser ready, able and willing to buy on the proposed terms; and that defendant then refused to sell and to pay the agreed commission. The answer was a general denial. Upon a trial the jury found in favor of the plaintiff, and from a judgment on the verdict defendant appeals.

The only question on this appeal is based upon the refusal of the trial court to instruct the jury that if they should find from the evidence that the plaintiff, in making the proposed sale, was acting as agent for one King, the proposed purchaser, as well as for the defendant, and that the defendant was not informed of that fact, then plaintiff could not recover. The rule is that, where an agent or broker is in the secret employment of both parties he cannot recover from either. *Shepard v. Hill,* 6 Wash. 605 (34 Pac. 159) ; Mechem, Agency, §§ 953, 972. But this rule does not apply where the seller is fully informed of the relation of the agent to the purchaser. Mechem, Agency, § 972; *Chase v. Veal,* 83 Tex. 333 (18 S. W. 597) ; *Scott v. Lloyd,* 19 Colo. 401 (35 Pac. 733). The agent testified, in substance that, in case of a sale, he was to have control of the property and plat it and sell it again for the purchaser, and that he had agreed with the purchaser, also, to divide with him the commissions on the present sale; that the respondent heard the conversation and understood it. Mr. S. E. King, who desired to purchase the property, testified as follows:

"Q. As a matter, of fact, Darrow was acting as your agent in this purchase, as well as Breyman's in the sale? A. Yes. Q. Do you know whether Mr. Breyman was informed of that fact, or not? A. I don't know, but I rather think so. Yes. He understood that I was going to let the Darrow Investment Company handle the property. Q. Was that stated there? A. Yes."

The appellant went upon the stand as a witness in his own behalf, and did not controvert this evidence. If he had testified that he did not know that the respondent was acting as agent for both himself and the purchaser, then there would have been an issue for the jury upon this point, and the refusal of the court to give the instruction would have been error. But where no issue of fact arose upon the question, the lower court was justified in refusing the instruction.

The judgment is therefore affirmed. ·

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.