## DUAL AGENCY MUST BE SPECIALLY PLEADED.

Circuit Court of Cuyahoga County.

GODFREY FUGMAN AND ANNA L. F. FUGMAN v. A. TROSTLER AND
O. C. RINGLE & CO.

Decided, November, 1903.

*Pleading and Practice—Action Upon Express Contract and Upon Quan-*
*tum Meruit Not Inconsistent—Burden of Proof—Dual Agency a*
*Matter of Defense—Trial—When Charge to Jury Misleading.*

1. An action upon an express contract for real estate commissions
   and a second cause of action set forth in the same petition, based
   upon the same transaction and in which recovery upon a *quantum*
   *meruit* is sought, are not inconsistent and the court may, in its
   discretion, overrule a motion to compel plaintiff to elect between
   them.
2. Dual agency as a defense can not be shown under a general denial,
   but must be specially pleaded, and when so pleaded the burden
   of proof is upon the defendant to establish it.
3. A charge to the jury which directs them to use their sense of fair-
   ness, fairplay and good conscience, and not be influenced by any-
   thing, but a desire to do what is right and fair between the parties,
   is misleading, when no reference is made to the law and facts in
   the case.

*White, Johnson, McCaslin & Gannon,* for plaintiffs in error.
*E. H. Bushnell* and *J. C. Hutchins,* contra.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

A. Trostler was plaintiff below and brought his action against
Godfrey Fugman, Anna L. F. Fugman and O. C. Ringle & Co.
to recover commissions for the sale of real estate. The amended
petition contains two causes of action. The first cause of action
alleges that the Fugmans were the owners of certain real estate
and O. C. Ringle & Co. their agents for its sale. That Trostler
represented to them that he could procure a purchaser for them
if they would pay him one per cent. commission on the sale,
whereupon the following agreement was entered into between
the parties:

"CLEVELAND, O., April 1st, 1901.

"It is hereby agreed by and between Godfrey Fugman, O. C. Ringle & Co. and A. Trostler, that in consideration of services rendered as agent in negotiating sale and transfer of the Fugman property at the corner of Wade Park and Dunham avenues to John Schaber, said A. Trostler shall receive as his share of the commission one (1%) of the selling price of said property.
                    "(Signed)      O. C. RINGLE.
                              "GODFREY FUGMAN."

Plaintiff further alleges that said Godfrey Fugman was authorized to enter into said contract by his wife, Anna L. F. Fugman and signed the same in her behalf as well as his own, and that O. C. Ringle did the same in behalf of O. C. Ringle & Co.

Plaintiff then alleges that he procured said John Schaber to purchase said property for $54,000; that it was conveyed to Schaber for said price; that he had demanded his commission which had not been paid, although the defendants Fugman had paid to Ringle & Co. a portion of said commission due plaintiff under said contract, but not all.

The second cause of action recites substantially the same facts as are set out in the first cause of action, except that it makes no reference to the express contract dated April 1, 1901, and concludes with an averment that the fair and reasonable value of plaintiff's services is not less than $540.

The prayer of the amended petition is for judgment in the last named amount.

The answer of the Fugmans admits the making of the contract with Trostler, dated April 1, 1901, but states that at the time said contract was made they were asking $60,000 for their property; that Schaber refused to buy at that price and the written contract for commissions was thereupon rescinded by all the parties to it. That afterwards, Trostler, acting as agent for Schaber, and not otherwise, offered to buy said property for $54,000 and thus initiated new negotiations which were conducted on the part of Schaber by Trostler, acting as his agent, and a sale was finally made at that price. That the latter negotiations had no reference to the first negotiations in which Trostler was to induce a sale by the Fugmans at $60,000, the

later negotiation being carried on by Trostler as the agent of Schaber exclusively, to induce the Fugmans to sell for $54,000, without any promise, express or implied, from the Fugmans, to pay any commission whatever.

The answer of O. C. Ringle & Co. adopts the answer of the Fugmans and further states that they have received no part of the commission claimed to be due Trostler.

It will be noticed that the two causes of action set out in the amended petition refer to the same transaction, the first pleading an express contract and the second seeking to recover on a *quantum meruit*. At the trial defendants moved that plaintiff be compelled to elect upon which cause of action he would rely. This motion was overruled, and the overruling of said motion is assigned as one of the errors in the trial of the case.

The two causes of action were not inconsistent and it was within the discretion of the court whether the plaintiff should be compelled to elect between them. *Ware* v. *Reese,* 59 Ga., 588; *Warner* v. *Nagel,* 33 Minn., 348; *Manders* v. *Craft,* 3 Colo. App., 236; *Longprey* v. *Yates,* 31 Hun., 432; *Evans* v. *Habfleisch,* 36 N. Y. Supr. Ct., 450; *Packard* v. *Reynolds,* 100 Mass., 153; *Wilson* v. *Smith,* 61 Cal., 209; *Cowan* v. *Abbott,* 92 Cal., 100; *Globe Light & Heat Co.* v. *Doud,* 47 Mo. App., 439.

Again it is claimed that the court erred in ruling on evidence, but the record shows no prejudicial error of that nature.

Very serious criticisms are made by counsel for plaintiff in error of the charge of the court. Counsel for Ringle & Co. criticise the conversational style of the charge, and the recital of testimony by the court, objecting that the court made itself the purveyor of the testimony to the jury, and that the closing part of the charge, while a beautiful homily, is not good law. Admitting the merit of much that has been urged against the charge, we have examined it with reference to the facts proved in the case to see whether the defendants below were in any manner prejudiced by the charge of the court as given.

As to the recital of the evidence to the jury by the court:

We think the court fairly stated what the witnesses on both sides had testified and that in this respect the charge comes

within the rule laid down in the case of *Morgan* v. *State,* 48 O. S., 371, in which it was held that it was not improper for the trial judge to sum up the evidence, if it is fairly done.

Again, the court used the following language:

"He (the plaintiff) says: 'I ought to receive it; I sold this property. This contract says I was to have one per cent. commission upon the selling price of this property; I sold it, *there is no denial of that,* and I am entitled to my five hundred and forty dollars.' "

This, we are inclined to believe, was a colloquial way of referring to the allegations of the petition; if it referred to the evidence it may fairly be said that the record shows no denial that the plaintiff sold the property.. The language used was unfortunate, but upon a careful examination of the whole case we do not think it was misleading.

It is urged that the court erred in charging the jury that the burden was upon the defendants to prove that the plaintiff was acting as agent for Schaber as well as for them. The dual agency was properly pleaded in the answers. It has been held that the double agency can not be shown under a general denial. *MacFee* v. *Horan,* 40 Minn., 30; *Reese* v. *Garth,* 36 Mo. App., 641; *Childs* v. *Ptomey,* 17 Mont., 502; *Durvee* v. *Lester,* 75 N. Y., 442.

Such being the law, it follows that the burden was upon the defendants to prove that plaintiff acted also as agent for the purchaser.

That part of the charge which has given us the most difficulty is the concluding words of the court, as follows:

"This is a matter now in which, as in all matters in court, you want to use your judgment, your sense of fairness, fair play and good conscience and not be influenced by anything but a desire to do what is fair between these people."

We had supposed that juries were to be influenced only by the facts as they may find them and the law as the court may give it to them, but counsel for defendant in error has reminded us that if a jury doesn't use its judgment, sense of fairness, fair

play and good conscience, and doesn't show a desire to do what is fair between the parties, its verdict is at once set aside by all courts.

The trouble with the language used in this case is that it is misleading; the whole case is left to the jury to decide between the parties without reference to the law or the facts. They *were mislead* in at least one important respect in this case, the verdict is too large.

While we are satisfied that the plaintiff proved a meritorious claim against the defendants, the verdict does not disclose whether the jury based its verdict upon the express contract of April 1, 1901, set up in plaintiff's first cause of action, or the implied agreement pleaded in his second cause of action. There is evidence therefore to sustain the verdict, but the recovery could not have been under the agreement of April 1, stipulating a straight one per cent. on the selling price.

We are satisfied that by mutual consent of all parties that agreement, when the selling price of the property was reduced, was modified to one-half of the usual broker's commissions, testified in the case to be two per cent. on the first $10,000 and one per cent. on the balance.

The verdict therefore should not have exceeded the sum of $320 with interest from June 7, 1901, amounting in all to $350.

If defendant in error, Trostler, will remit all of his judgment in excess of that amount, the judgment will be affirmed.