[No. 14028.    Department Two.    October 19, 1917.]

NORTHWEST LAND & COLONIZATION COMPANY *et al.*,
*Respondents*, v. A. A. ADDINGTON *et al.*,
*Appellants*.[1]

PLEADING—ANSWER — AFFIRMATIVE DEFENSE — ACTION FOR BROKER'S COMMISSION. In an action to recover a broker's commission on effecting an exchange of lands, the fact that plaintiff was in the secret employment of the other party to the trade is an affirmative defense that must be pleaded, and cannot be first raised on appeal.

PLEADING — COMPLAINT — AMENDMENT TO CONFORM TO PROOF. Where, in an action to recover a broker's commission, the defense of double agency was not pleaded or in any manner suggested as relied on during the trial, the complaint should not be deemed amended to conform to the proof; since plaintiff might have shown defendant's knowledge of such double agency.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered May 31, 1916, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

[1]Reported in 168 Pac. 164.

*L. C. Jesseph*, for appellants.

*Luby & Pearson*, for respondents.

PARKER, J.—The plaintiffs seek the recovery of $450, claimed to have been earned by them as a commission in pursuance of a written contract with the defendants to effect an exchange of their land, situated in Stevens county, for land of one Bumgarner, situated in Whitman county. Trial in the superior court for Stevens county resulted in findings and judgment in favor of the plaintiffs as prayed for, from which the defendants have appealed to this court.

The only contention here made in appellants' behalf is that respondents are not entitled to recover because they were employed by Bumgarner as well as appellants to effect the exchange, and were to receive compensation therefor from Bumgarner as well as appellants, without the knowledge of appellants. The rule that a broker who is in the secret employ of both parties cannot recover compensation from either is invoked, counsel for appellants relying upon our decisions so holding in *Shepard v. Hill*, 6 Wash. 605, 34 Pac. 159; *Darrow Investment Co. v. Breyman*, 32 Wash. 234, 73 Pac. 363, and *Hanna v. Haynes*, 42 Wash. 284, 84 Pac. 861. Appellants' claim of defense on this ground is made for the first time in this court. There is nothing in the record, neither in the pleadings nor statement of facts, indicating that any such defense was suggested to the trial court in appellants' behalf. The law seems to be well settled in the code practice states that such a defense is an affirmative one and must be pleaded to be available to the defendant. In the late case of *Schwartz v. Meschke*, 92 Kan. 650, 141 Pac. 175, Justice Porter, speaking for the court, observed:

"The defendant appeals, and complains that the trial court erred in excluding testimony and in refusing to instruct in reference to double agency. The answer precludes such a defense. If the defendant desired to raise the issue of illegality or fraud, or that the contract was improper, he should

19—98 WASH.

have affirmatively pleaded the matter as a defense. His answer was limited to a general denial, which permitted him to disprove any material averments of the petition, but did not entitle him to prove any new matter constituting an affirmative defense."

See, also, *MacFee v. Horan*, 40 Minn. 30, 41 N. W. 239; *Reese v. Garth*, 36 Mo. App. 641; *Moore v. Damron*, 157 Ky. 799, 164 S. W. 103; *Childs v. Ptomey*, 17 Mont. 502, 43 Pac. 714.

We think this is not a case where the pleadings should be deemed amended so as to make this defense available to appellants, because there was no proof offered at the trial indicating that respondents were employed by Bumgarner as well as appellants. It is true that there is indorsed upon the employment contract between respondents and appellants an employment contract between respondents and Bumgarner, both of which contracts were pleaded in respondents' complaint. Had the affirmative defense of double agency been pleaded by appellants, or had appellants in some manner during the trial indicated that they intended to rely on the defense of double agency, and respondents thus had notice of appellants' intention in that behalf, respondents might have been able to prove that appellants had full knowledge of the fact of respondents' employment by Bumgarner, and thus made such defense unavailing to appellants within the rule announced by us in *Philips & Co. v. Langlow*, 55 Wash. 385, 104 Pac. 610, and *Price v. Partridge*, 78 Wash. 362, 139 Pac. 34. Indeed, as the record now stands, it at least inferentially suggests that appellants did have knowledge of such employment of respondents by Bumgarner.

The judgment is affirmed.

ELLIS, C. J., HOLCOMB, FULLERTON, and MOUNT, JJ., concur.