## NOVOTNY V. DANFORTH *et al.*

1. In an action for damages to plaintiff's building by an excavation by an adjoining landowner, it may be shown on cross examination of plaintiff that the damages were in fact caused by an excavation directed by plaintiff, though the fact of such excavation was not brought out on direct examination, as such matter goes to disprove plaintiff's cause of action.

2. The complaint alleged that the damage to plaintiff's building was caused by the negligent excavation by defendants of land "adjacent" to plaintiff's land. *Held*, that recovery could not be had from the defendant contractor, on the theory that the fall of plaintiff's wall was caused by his negligence in excavating "beneath" plaintiff's wall, to lower plaintiff's foundation, under a contract with plaintiff.

3. Officers of a corporation were authorized to convey the W. ⅓ of the E. ⅓ of lots 10 and 11. The officers, after so describing the land, added, without authority, a specific description by metes and bounds, which they supposed covered the same property. *Held*, that the first description prevailed.

4. Comp. Laws, Sec. 2784, requiring adjoining landowners to give reasonable notice to each other of intended excavations, does not require such notice to be given where the adjoining owner has, in fact, knowledge of the intended excavation.

(Opinion filed Oct. 28, 1896.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action for damages to real and personal property. There was a judgment for defendants, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*C. S. Palmer* and *R. B. Tripp*, for appellant.

A particular or special description will always control a general or implied description. 2 Am. & Eng. Encyc. of Law, 498; Gilman v. Smiths, 12 Vt. 40; Cummings v. Black, 25 Atl. 906; Whiting v. Dewey, 15 Pick. 434; Haynes v. Young, 36 Me. 557; Sanders v. Godding, 45 Ia. 463; Doe v. Porter, 3 Ark. 18, 36 Am. Dec. 448. One about to make an excavation must give reasonable notice, so that the other will have such time as may

be necessary to shore up his property. § 2784, Comp. Laws; Schultz v. Byers, 22 Atl. 515; Ulrick v. Dak. L. & T. Co., 2 S. D. 285, 49 N. W. 1054; Green v. Berge, 38 Pac. 539.

*C. J. B. Harris* and *French & Orvis*, for respondents.

Where there are two descriptions which do not coincide, the grantee is entitled to hold by that which will be most beneficial to him. Colter v. Mann, 18 Minn. 97. Where it can be shown that the owner had knowledge of the improvement that was about to be made, it would not be necessary to prove a formal notice given to him. Charless v. Rankin, 22 Mo. 566; 66 Am. Dec. 642; Larson v. Street Ry. Co., 16 L. R. A. 330; Ulrick v. Dak. L. & T. Co., 3 S. D. 44.

CORSON, P. J. This was an action to recover damages to the real and personal property of the plaintiff, alleged to have resulted from the wrongful and negligent excavation made by the defendants on land adjacent to plaintiff's land. The answer was a general denial. Verdict and judgment for the defendants, and the plaintiff appeals.

In addition to a general verdict, the jury found as follows, upon special issues submitted to them: "(1) When did the plaintiff, Novotny, first know that the defendant, Danforth intended to excavate east of and adjacent to his (Novotny's) lot? A. The day the excavation commenced on the Danforth cellar. (2) Did the earth under the Novotny wall fall by reason of its own weight, or by reason of the weight of the wall resting upon it? A. The weight of the wall. (3) Would the Novotny building have fallen within such reasonable time as would have been required to build a cellar wall in the west side of the Danforth cellar if the excavations for stone piers under the Novotny building had not been made? A. No. (4) Would the land of Novotny adjacent to Danforth's land have fallen if it had been in the natural condition, and without the superadded weight of the Novotny building? A. No."

The plaintiff was the owner of a lot, with a brick building thereon, in the city of Yankton. The defendant Danforth was

the owner of a lot in the same block, and he claimed to be a co-terminous owner. The other two defendants were contractors for excavating a cellar and foundation for a building that Danforth was about erecting on his lot. Danforth's cellar and foundation were excavated several feet below the bottom of the plaintiff's foundation wall on three sides, and a narrow strip of earth was left adjacent to plaintiff's wall below the bottom of his foundation. The excavation for Danforth's cellar was commenced in the latter part of July, and about that time the plaintiff, Novotny, made a contract with the Valentines to extend the foundation of his side wall down to the same depth as the Danforth wall was intended to be laid. Work on the Danforth excavation was suspended Friday, August 10th, and on Monday, August 13th, the Valentines commenced work on the plaintiff's wall by excavating in places under that wall to extend it down to the depth of the Danforth wall. About 2 o'clock of that day plaintiff's wall fell in, damaging his building and goods and merchandise therein to a large amount. Numerous errors are assigned, but we do not deem it necessary to set them out in full, as those we deem material will be considered in this opinion.

On the trial, after the plaintiff had been examined by his counsel at great length as to the accident, its cause, and the amount of his damages, he was asked on cross examination: "Did not Valentine have a contract for some excavating for you at the same time?" This was objected to, as incompetent, irrelevant, immaterial and not proper cross examination. The objection was overruled, and the plaintiff excepted. He answered: "It was to be made under my east wall, which was right west of the Danforth cellar. * * * The 'first time I had any talk with Mr. Valentine in regard to a contract for putting in my foundation was the last of July. * * * We made the contract then at that time." It is now contended that this was not proper cross examination, as the witness had not been interrogated as to this matter on his direct examination,

But this contention is not tenable.  The rule is that matter set out in an affirmative defense cannot be gone into on cross examination of plaintiff's witness.  But matter which goes to disprove the plaintiff's cause of action and the case made out by plaintiff's witness, may be gone into on such cross examination. Wendt v. Railway Co., 4 S. D. 476, 57 N. W. 226.  The plaintiff had testiffed to a state of facts tending to prove that the wall fell by reason of the excavation on the Danforth lot.  We think it was competent therefore for the defendants to show, if they could, by the same witness, that he was mistaken, or might be mistaken, and that the wall fell by reason of the excavation made for the plaintiff's wall by Valentine, under a contract made with the plaintiff himself.  On the redirect examination, the plaintiff testified: "The contract I had with Valentine  *  *  *  was that he was to put in an 18 inch wall under my building, as deep as the Danforth cellar.  *  *  *" He was then asked by counsel for plaintiff: "Did you, at any time after entering into that agreement with Mr. Valentine, direct or control him in the method of putting in the foundation?" This was objected to, and the objection sustained.  Appellant now insists that plaintiff should have had the right to show that the injury was caused by Valentine in the performance of a contract over which he (the plaintiff) had no control, as Valentine was a party to the action.  But the answer to this contention is that the action was not brought or the complaint framed upon any theory that Valentine, in the performance of his contract with the plaintiff had caused the damage, but upon the theory that, in excavating for Danforth's foundation, he had caused the damage for which he and Danforth were liable. The nature of the contract, therefore, between the plaintiff and Valentine, as to the manner in which he was to put the foundation under the plaintiff's wall, was entirely foreign to the issues in this case.  While it was proper for the defendants to show that Valentine had a contract with plaintiff, and that, when the wall fell, he was engaged in the execution of that contract and

therefore was not engaged in the execution of his contract with Danforth, yet whether or not he was responsible to the plaintiff under that contract, for the damages caused by the falling of the wall, could not be determined in this action, brought upon an entirely different theory. The allegation in the complaint is that "the defendants, their agents and servants, without proper notice, did wrongfully and negligently excavate the land adjacent to the plaintiff's said land, * * * left no proper or sufficient supports," etc. It was negligently excavating land ajdacent to the plaintiff's said land that plaintiff claims caused the injury, not negligently excavating under plaintiff's foundation on his own land; so that the latter issue was not presented in this case, and could not properly be tried therein. The court, therefore, committed no error in excluding the question.

At the close of the evidence, the plaintiff moved the court to direct a verdict for the plaintiff, against all the defendants, except as to the question of damages. This motion was granted. But, on the following day, the court set aside its former order. To the last order the plaintiff excepted, and this ruling of the court, in setting aside its former order, is assigned as error. The facts upon which the original order was granted are somewhat complicated, but may be briefly stated as follows: The plaintiff's deed to his premises described the property as the E. ⅓ of the W. ½ of lots 10 and 11 in block 25 of the city of Yankton. Danforth's deed to his property describes his lot as the W. ⅓ of the E. ½ of lots 10 and 11 of block 25. These two lots, 10 and 11, were laid out east and west and were supposed to be 150 feet in length; but, by survey, they were found to be 151 feet and 1 inch in length. In addition to the general description in Danforth's deed is the following description: "Beginning on the north line of Third street, at a point fifty feet westerly from the southeast corner of said lot ten;" describing a lot 25 feet in width. The plaintiff therefore contended that there was a strip of land 6 or more inches in width between

the property of the plaintiff and Danforth's property, and, consequently, Danforth was not a coterminous owner, and therefore, when excavating next to plaintiff's wall, he and his co-defendants were trespassers. It was upon this theory that the court granted the motion directing a verdict, the court holding that the description by metes and bounds controlled the general description in the first descriptive clause of the deed. The court, in making the second order, setting aside the first, evidently took a different view of the conveyance, after taking into consideration the numerous conveyances preceding the deed to Danforth. We do not deem it necessary to discuss these various conveyances, and the rules governing the construction of such deeds, at much length, as we are clearly of the opinion that the court's first order was erroneous, for the reason that the second or specific description in the deed described land to a portion of which the party conveying had no title, and omitted a portion to which the grantor had title. The first description in the deed was correct, and conveyed exactly what the party had to convey, and, doubtless, intended to convey. The title came through a corporation known as Christ's Church, and the officers of that corporation were authorized to convey the W. $\frac{1}{3}$ of the E. $\frac{1}{2}$ of lots 10 and 11, block 25. But, when the officers executed the deed, they added, without authority, the second or specific description. The officers, no doubt, supposed that the description by metes and bounds covered the same property as the first clause in the deed, and it would have done so had the lot been only 150 feet in length. The intention, therefore, of all parties to the deeds, is so clearly manifest that a court could not properly disregard that intention so long as the deed did actually carry out the intention of the parties by the first description. In construing deeds, as well as other written instruments, it is the duty of the court to carry into effect the intention of the parties, if it can do so consistently with the language used in the deed. Comp. Laws, § 3235. Here it could be done not only without doing

violence to any rule of law, but consistently with the provisions of Sec. 3239, which provides:    "If several parts of a grant are absolutely irreconcilable, the former part prevails." See, also, Comp. Laws, § 3555.   The court, therefore, very properly disregarded the second description in the deed, that clearly did not express the real intention of the parties, which was to convey the W. ⅓ of the E. ½ of the two lots.   The court was therefore fully justified in instructing the jury that, "for all the purposes of this case, the plaintiff, Novotny, and the defendant Danforth are to be regarded as coterminous owners of real estate."

At the close of all the evidence, the counsel for the plaintiff moved the court, in addition to the other grounds stated, to direct a verdict for the plaintiff on all the issues, except as to the amount of the damages, for the reason that no notice had been shown to have been given, as required by law, by Danforth, to authorize him to make the excavation.   The motion was denied, and this is assigned as error.   Comp. Laws, § 2784, provides as follows:    "Each co-terminous owner is entitled to the lateral and subjacent support which his land receives from the adjoining land subject to the right of the owner of the adjoining land to make proper and usual excavations on the same for purposes of construction, on using ordinary care and skill, and taking reasonable precautions to sustain the land of the other, and giving previous reasonable notice to the other of his intention to make such excavations."    It will be observed that the manner of giving the notice specified in the section is not prescribed.   Any notice, therefore, that brings to the knowledge of the other party that the coterminous owner intends to excavate his lot, and to erect a building thereon, in time to enable such party to make the needed preparation to protect his property, would seem to be sufficient.   In this case the undisputed evidence shows that in the latter part of July, two weeks or more before the Danforth grading was finished, the plaintiff had this knowledge, and made a contract with Valentine to do the necessary work in

putting a new foundation under his wall.   We are of the opinion, therefore, that the court properly held that the plaintiff had the proper notice under the statute.   Undoubtedly, the better practice would be to give formal written notice; but, as the statute does not in terms require written notice, a verbal notice, or such acts of preparation for building as would clearly apprise the adjoining owner that the coterminous owner was about to excavate his lot and erect a building thereon, in time to enable the party to make all necessary preparation to protect his property, would be sufficient.   In Schultz v. Byers, 53 N. J. Law, 422, 22 Atl. 516, decided in 1891, the supreme court of New Jersey held that, without a statute, notice was necessary but the court says:   ' 'The manner of giving notice may be only such as is reasonable under the circumstances, either to the owner of the property, or, if there be difficulty in finding or serving it on him, then it may be given to the tenant or occupant who is interested in protecting the property. Where it can be shown that such owner had knowledge of the improvement that was about to be made, it would not be necessary to prove a formal notice given to him."   In Ulrick v. Trust Co., 3 S. D, 44, 51 N. W. 1024, this court said:   "It is further suggested that the court below erred in allowing the plaintiff to testify that no notice, either oral or in writing, was given him by defendant of its intention to excavate, for the reason that it appeared that plaintiff was fully informed of such intention, and, consequently, no notice was necessary.   In the assignment of errors we do not find this complained of, but if error, and properly assigned, it would not be important, as the court expressly instructed the jury that if, from the evidence, they should find that plaintiff knew that such excavation was to be made, no further notice was necessary."   It is apparent from the evidence in this case that Novotny, the plaintiff, as early as the latter part of July, understood fully, not only that Danforth was going to excavate his lot, and erect a building thereon, but the nature, character and dept of the excavation.   The

giving, therefore, of a formal notice, would have been an idle act. The omission, therefore, to include the giving of this notice in the instruction by the court, in view of the undisputed evidence, was not error. It is only when there is conflicting evidence upon any given question that the court is called upon to declare the law to the jury. When the evidence is undisputed, ordinarily the court applies the law to the facts. The court, therefore was not called upon to submit to the jury the question of notice. The court had determined that the notice, under the undisputed evidence was sufficient. In this, we think, the court was clearly right, and that it committed no error in this case in not calling the jury's attention to the notice.

The court gave the jury the following instruction, which is assigned as error: "The defendant, in making such excavation, under the law, was not bound to exercise such extreme care as an owner might exercise in the protection and preservation of his own property from loss or damage by reason of the act complained of. He was only bound to use such care in making the excavation as a man of ordinary care and prudence would deem sufficient—such care as a man of ordinary prudence would say was sufficient—in the exercise of his right to make this excavation. If he failed in using such a degree of care, and by reason of his want of care, which constitutes negligence, the plaintiff was injured, the plaintiff would be entitled to recover in this case." Precisely what the objections are to this instruction do not clearly appear from the appellant's brief, except that it does not follow the language of the statute, and omits the notice clause. After a careful examination, we discover no error in the instruction. All that the statute requires is the use of ordinary care and skill, and the taking of reasonable precautions to sustain the land of the other,—not the land with its superincumbent weight, but the land itself. Ulrick v. Trust Co.. 2 S. D. 285, 49 N. W. 1054. The law applicable to this class of cases was so fully discussed in the latter case that further discussion seems unnecessary. The instruction complained

of does not seem to be in conflict with the usual instructions in such cases.

Finding no error in the record, the judgment of the court below is affirmed.