FINKE, Respondent, v. FINKE et al., Appellants.

(156 N. W. 595.)

(File No. 3798.   Opinion filed March 4, 1916.   Rehearing denied April 11, 1916.)

1.   Quieting Title—Transfers in Trust, Construction of—Findings—
     Termination of Trust—Death of Trustee, Effect—Interest of
     Trustee, of Beneficiary.

     Where a deed of trust to an owner of realty, who, with his wife, had conveyed the property to a third person, who in turn, had conveyed to the grantee in the trust deed, which trust deed empowered the grantee to hold, occupy and dispose of the premises for the use and benefit of his children, who were to hold and enjoy the same in fee simple "after the death of said trustee," with a proviso that the trustee and wife were to have a support out of the premises during his life and that of the survivor, and that "said premises shall, at the death of said trustee and his wife," vest in the children in fee simple, with a further proviso that the trustee shall take no rights or interests in the premises "except those of trustee as herein expressed," held, (1) That a finding that such transfers were

made by said trustee for the purpose of carrying out his plan
of distributing his property to his children subject to the use
and enjoyment thereof by himself and wife during their joint
lives, was properly made; (2) That said trustee did not intend
to vest his surviving wife with a life estate, carrying with it
the right of possession and use of the premises after his death;
(3) That the deed vested a trust estate in said trustee, termin-
able at his death, which event would vest title in fee simple in
his children; (4) That said deed did not vest a life estate in
said trustee, he having no interest thereunder except as trustee;
(5) That both the trustee and his wife were beneficiaries there-
under only so long as the trust itself existed; and the wife,
although named as the beneficiary, not being a grantee there-
under, ceased to be a beneficiary when the trust was so ter-
minated.

**2.  Trusts—Trust Deed—Repugnant Clauses, Termination of Trust,
Construction of.**

Applying the rule of construction of deeds laid down in
Novotny v. Danforth, 9 S. D. 301, of carrying into effect the
intention of the parties, if it can be done consistently with the
language used in the deed, and under Civ. Code, Sec. 1250,
providing that the whole of a contract is to be taken together
so as to give effect to every part, if reasonably practicable,
each clause helping to interpret the others, and Sec. 1261, pro-
viding that repugnancy in a contract must be reconciled, if
possible, by such an interpretation as will give effect to the
repugnant clause, subordinate to the general intent and purpose
of the whole contract, held, that under a deed of trust vesting
the entire trust estate in the grantee, and declaring that the
trust should terminate upon his death, and that the children
were to hold and enjoy the premises conveyed, in fee simple,
"after the termination of this trust by the death of said trus-
tee," while another clause provided that the premises shall "at
the death of said trustee and his wife * * *, vest in said child-
ren in fee simple," the death of the wife did not terminate the
trust, nor affect the rights of the children; neither did it affect
the right of the trustee, the surviving husband, under the pro-
vision of the deed for "a support out of said premises," during
the lives of the husband and wife "and the life of the sur-
vivor of them," so long as the trust remained; and the termi-
nation of the trust is not postponed until the death of the
husband and wife, but happened upon the husband's death,
and the rights of the children then became effective; that no
vacant trusteeship arose on the death of the husband, the deed
declaring that the trustee should "take no rights or interests
in said premises, except those of trustee."

3. **Same—Trust Deed, Construction of—Purposes of Trust—Life Support Under Trust, Fee Simple to Children—Rights of Wife.**

Where a deed of trust, which involved an arrangement for the ultimate distribution of a trustee's property to his children, provided for its use and occupation by himself and wife during their joint life and during the life of the survivor, for "their support," and that it should vest in the children in fee simple upon his death, held, that the purpose of the deed was to provide a method of distributing the trustee's property among his children upon his death, reserving the right to the use of the property for the benefit of himself, his wife, and family during the life of the trust; and that the premises were charged with the support of the surviving wife, after trustee's death, for the remaining years of her life.

4. **Same—Construction of Trust Deed—Intention—Oral Evidence in Conflict With Language of Deed, Admissibility.**

Where the effect of oral evidence in the construction of a trust deed is to show an intent in the grantor to vest a life estate in his wife, in direct conflict with the intent clearly expressed in the deed, such evidence is inadmissible.

5. **Appeals—Review—Record—Evidence as Basis of Findings, Presumption as to Use of Incompetent Evidence.**

Where the record on appeal fails to disclose affirmatively that incompetent evidence was received, such record remaining unchallenged, the Supreme Court will not presume that the trial court may have based its findings upon incompetent evidence.

Appeal from Circuit Court, Moody County. Hon. JOSEPH W. JONES, Judge.

Action to quiet title, by Bertha Finke, against Eli Finke and others. From a judgment for plaintiff defendants appeal. Reversed and remanded.

*Rice & Benson,* for Appellant.

*Ira F. Blewitt,* and *Krause & Krause,* for Respondent.

(2) To point two of the opinion, Appellant cited: Novotny v. Danforth, 9 S. D. 301 at 306; Civ. Code, Secs. 928, 932, 1250, 1256, 1259. Appellants submitted, as to the interest of plaintiff, that: It was not the intention of Finke to grant to his wife, the plaintiff, any estate in said premises, but to secure to her a support during her natural life, charging said premises with such support, and cited: Wallace v. Foxwell, 250 Ill. 616, 50 L. R. A. (N. S.) 632 at 642; Dee v. Dee, 212 Ill. 338, 72 N. E. 429; Armstrong v. Barber, 239 Ill. 389, 88 N. E. 246; Beverlin v. Casto, 62 W. Va. 156, 57 S. E. 411; Winthrop v. Clinton, 196

Pa. St. 472, 79 Am. St. Rep. 729; Webster's Dictionary; Opinions of Justices, 13 Fla. 687.

Respondent cited: Civ. Code, Sec. 937; 13 Cyc. 669, Text 6 and pp. 670-1, 677-8; Myers v. Cullum, 152 Ind. 700, 51 N. E. 918; Rollins v. Davis, 96 Ga. 107, 23 S. E. 392; Warren v. Webb, 68 Me. 133; Support for Life,—Life Estate; Williams v. Owen (Ind.) 18 N. E. 389; Murphy v. Merritt, 3 Jones (N. C.) 37; Keeler v. Wood, 30 Vt. 242.

SMITH, J.   Plaintiff and Frederick C. Finke were married about 20 years prior to the beginning of this action.   Finke was at that time a widower, the father of seven children.   Plaintiff was a widow and the mother of four children.   Three children were born to the plaintiff and Frederick C. Finke.   His ten children are the defendants in this action.   In January, 1895, Frederick C. Finke acquired title to three quarter sections of land in Moody county.   In November 1897, he conveyed the premises in controversy, being two quarter sections of said land, by warranty deed in which the plaintiff joined, to one Haugeberg, and some weeks later, in December, Haugeberg, by a warranty deed, conveyed the two quarter sections to Eli Finke, who is one of the defendants in this action.   In March, 1899, Eli Finke conveyed the premises to Frederick C. Finke by a warranty deed, containing provisions which constituted it a trust, which deed is hereinafter referred to.   In April, 1904, Frederick C. Finke conveyed to his wife, the plaintiff, the third quarter section of land upon which they then resided, being the homestead of the parties. In October, 1912, Frederick C. Finke died intestate.   Plaintiff brought this action to quiet title in herself as his widow, to an undivided one-third of the 320 acres conveyed to Frederick C. Finke, her deceased husband, by the trust deed, alleging that the several deeds purporting to create such a trust were in fraud of plaintiff's rights and therefore inoperative and left the estate in her husband.   Trial to the court.   Findings of fact and conclusions of law were made by the trial court, upon which the judgment was entered, from which the defendants appeal.

The sufficiency of the evidence to sustain the findings of fact is not questioned by appellants.   The trust deed referred to is made a part of the findings.   The only question presented upon

this appeal is whether the conclusions of law and the judgment are sustained by the findings of fact. The trial court found:

"That the several conveyances described in findings III, IV, and V hereof (being the several deeds above referred to) were made in good faith and without intent to defraud the plaintiff herein or any one else, and were sufficient to transfer the title to said lands, and same were so made and by said Frederick C. Finke so caused to be made, with the intent and for the purpose of carrying out his plan of distributing his property to his children, subject to the use and enjoyment thereof by and to himself and his wife, the plaintiff, for and during their natural lives and to the survivor for life, and that the said Fredrick C. Finke had and retained exclusive possession and control of all the said lands and premises with the rents, issues, and profits thereof unto himself, from the time he acquired title thereto in January, 1895, to the time of his death."

As conclusions of law, the court found that plaintiff was the owner of a life estate in the land in controversy under the terms and provisions of the trust deed, and became entitled to possession thereof on the death of her husband, and to the rents, issues, and profits thereof during her natural life, and to a decree quieting title in her to a life estate, and that the defendants were entitled to a decree quieting title in each of them to an undivided one-tenth of the remainder in fee. Upon the findings and conclusions judgment was entered, awarding plaintiff immediate and exclusive possession of the premises, and confirming in her a life estate with the right to the issues, rents, and profits thereof, during her natural life.

The deed purports to convey title in fee to Frederick C. Finke, his heirs and assigns, and after the granting clause, contains the following provisions:

"In trust, nevertheless, and to and for the uses, interests and purposes hereinafter limited, described and declared, that is to say, in trust to him, the said grantee, to hold, occupy and dispose of said premises entirely for the use and benefit of [his children and they] to be the beneficiaries of this trust in equal proportion, and to hold and enjoy said premises in fee simple after the termination of this trust by the death of said trustee; but, provided further, that said trustee and his wife, Bertha Finke, are to have

a support out of said premises during their natural lives and the
life of the survivor of them, and said premises shall, at the death
of said trustee and his wife, Bertha, vest in said children in fee
simple, and in equal interest to each and all.   And it is further
provided and declared, as a condition and incident of this con-
veyance that said trustee shall have the right to occupy said
premises and control and conduct the same according to his judg-
ment and at any time in his judgment that it may be for the in-
terests of said children, and of said estate, to sell and convey any
portion or all of said premises, he shall have the right, power and
authority to sell, assign and convey the same, or any part thereof,
by proper deeds of conveyance, without any further authority than
is herein conferred, and any conveyance made by him in pursuance
of this trust, and the power herein given and conferred, shall
vest complete, full and perfect title in his grantees in fee simple;
but the proceeds of any and all such conveyances shall be held,
used and disposed of for the interests and to the sole use of the
children for whom this trust is created.   It is hereby expressly
provided and understood that said trustee shall take no rights or
interests in the said premises except those of trustee as herein
expressed."

Counsel for both appellants and respondent concur in the
view that the proper rule of construction applicable to this in-
strument in that announced by this court in Novotny v. Danforth,
9 S. D. 301, 306, 68 N. W. 749, 751.

"In construing deeds, as well as other written instruments,
it is the duty of the court to carry into effect the intention of the
parties, if it can do so consistently with the language used in the
deed."   Perry v. Bowman, 151 Ill. 25, 37 N. E. 680.; Civ. Code,
§ 928.

Section 1250, Civ. Code, provides:

"The whole of a contract is to be taken together, so as to give
effect to every part, if reasonably practicable, each clause helping
to interpret the others."

Section 1259, Civ. Code, further provides:

"Particular clauses of a contract are subordinate to its gen-
eral intent."

Section 1261, Civ. Code, provides:

"Repugnancy in a contract must be reconciled, if possible,

by such an interpretation as will give some effect to the repugnant clause, subordinate to the general intent and purposes of the whole contract."

[1] A careful consideration of the entire record satisfies us that the trial court was correct in finding that the various transfers referred to were made and caused to be made by Frederick C. Finke, with the intent and for the purpose of carrying out his plan of distributing his property to his children subject to the use and enjoyment thereof by himself and his wife, during their joint lives. But a careful analysis of the various provisions of the deed, which is set forth in the findings of fact, leads us to the conclusion that the trial court erred in the conclusion of law that Frederick C. Finke intended to vest his surviving wife with a life estate, carrying with it the right of possession and use of the premises after his death. The deed unquestionably vested a trust estate in Frederick C. Finke, which was to terminate at his death, and upon his death and the termination of the trust, the title in fee simple was, we think, intended to vest in his children equally, who thereupon became entitled "to hold and enjoy said premises in fee simple." It is perfectly clear that the trust deed did not vest a life estate in Frederick C. Finke, because the deed declares he is granted no interest in the premises except those of trustee. Both Finke and his wife are named in the deed as beneficiaries of the trust, so long only as the trust itself exists. Bertha Finke, although named as a beneficiary of the trust, was not a grantee in the deed, and she necessarily ceased to be a beneficiary under the trust when the trust itself was terminated by the death of her husband. Two of the clauses in this deed are apparently repugnant. The first provides that the children are—
"to hold and enjoy said premises in fee simple after the termination of this trust by the death of said trustee."

The second declares that:

"Said premises shall at the death of said trustee and his wife Bertha, vest in said children in fee simple."

[2] It becomes necessary therefore, if possible, to reconcile these conflicting or repugnant clauses so as to carry out and effectuate the general purpose and intent of the creator of the trust as disclosed by the terms and language of the instrument creating the trust. This instrument vests the entire trust estate in

Frederick C. Finke, and declares that the trust shall terminate upon his death. The death of the wife, Bertha F. Finke, would not terminate the trust, nor would it affect the rights of the children; neither would it in any manner affect the right of Frederick C. Finke, the surviving husband, to a support "out of said premises," so long as the trust remained. The rights, duties, and obligations of the trustee and of the children would remain wholly intact and unchanged by her decease. It is plain, therefore, that the termination of the trust is not postponed until the death of both husband and wife, but happened upon the death of the husband and not otherwise. But by the terms of the instrument the trust itself ceases and determines upon his death, and a new situation arises in which the rights of the children become effective under the deed. Appellants' theory that a vacant trusteeship arises upon the husband's death cannot be accepted, for the reason that the trusteeship itself ceased and determined when the trust was terminated by the death of Finke. The deed declares that:

"Said trustee shall take no rights or interests in the said premises except those of trustee as herein expressed."

But the deed expressely declares that "after the termination of the trust upon the death of the trustee" the children "shall hold and enjoy said premises in fee simple."

[3] The trial court found, and we think correctly, that this instrument was made with the intent and for the purpose of carry out Finke's plan of distributing his property to his children, and we are of the view that he intended that the legal title should vest in his children with the right "to hold and enjoy said premises" after the termination of the trust by his death. The declaration in the body of the deed creating the trust is followed by the proviso, which contains the apparently repugnant clause:

"Said premises shall at the death of said trustee and his wife Bertha, vest in said children in fee simple."

This clause contemplates and recognizes the general purpose to vest the legal title in the children. If the clause of the proviso which says, "and said premises shall at the death of said trustee and his wife Bertha, vest in said children in fee simple," be construed as intended to postpone the vesting of the legal title in the children until the happening of the death of Bertha Finke,

the wife, such clause would plainly be repugnant to the preceding clause in the body of the instrument, which expressly declares that the trust itself shall terminate upon the death of the trustee, and the fee simple, with a right to hold and enjoy, shall thereupon vest in the children. Such interpretation would hold that, "upon the death of the trustee and the termination of the trust, the children could not take the fee simple title," with the right to hold and enjoy the premises, which right is given them by express words in the body of the instrument. Upon a careful consideration and analysis of all the provisions of the deed, we are inclined to the view that its primary purpose was to provide a method of distributing his property equally among his own children upon his death, reserving the right to the use of the trust estate for the benefit of himself, his wife, and family during the life of the trust, and that the trust was to terminate at his death, and the full legal title, discharged from the trust, was intended to vest in his children, with the right in them to hold, use, and occupy the premises, which premises were intended to be charged with the obligation of "a support" for the surviving wife for the remaining years of her life. This interpretation of the instrument, we think, gives a proper effect to every clause of the instrument, and reconciles the apparently repugnant clause in the proviso by making it subordinate to the general intent and purpose of the whole instrument.

[4, 5] Respondent's counsel suggest that oral evidence may have been before the trial court, disclosing the intent of the grantor to vest in the plaintiff at his death the right to the use and enjoyment of the premises "by the survivor for life." It is absolutely clear, as we have already observed, that the husband and wife were the direct and equal beneficiaries of the trust during the life of the husband, and that upon the wife's death the husband would become the sole direct beneficiary of the trust. But he was not, and never could become by the provisions of the deed, vested with a life estate in the premises. It is equally clear that the wife became vested by the deed with the same right as the husband, so long as the trust continued, and was not the grantee of a life estate, or of any interest in the premises other than as a beneficiary of the trust. Respondent's view involves the contention that the grantor intended to create a life estate in the

wife, which was to vest in her at his death. Not a single word is found in the deed purporting to grant to her any estate in the premises, either before or after his death, or which upon the husband's death changes or enlarges the character of the benefits to which she was entitled as a beneficiary of the trust. As such beneficiary she was entitled to a support, and was given no other right, title, or interest whatever in the premises, and there is absolutely nothing in the deed from which it might be inferred that the grantor intended to enlarge or change her rights upon the happening of his death. In fact such intent is negatived by the language of the deed itself. The deed took effect upon his death as an absolute and unqualified grant in fee simple to his children, and, apparently to remove all doubt as to his intent, the grantor incorporated into the very granting clause itself the words, "to hold and enjoy said premises." To construe the deed, with the aid of oral evidence or otherwise, as granting to the wife a life estate in the premises would certainly change the whole legal effect of the grant to the children. It follows that oral testimony which might tend to show an intent in the grantor to vest a life estate in the wife upon his death would be in direct conflict with the plain language of the deed, for the effect would be to vest in the children a remainder in fee simple only, and to postpone their right "to hold and enjoy the premises" until the death of the wife, whereas the grant itself is one "in præsenti" upon the happening of the death of the grantor. It is plain, therefore, that oral evidence which would entirely change the legal effect of the language used in the instrument itself could not properly be received to disclose a supposed "intent" of the grantor, and the record before us failing to disclose affirmatively that incompetent evidence was in fact received and remains unchallenged upon this appeal, we cannot presume that the trial court may have based its findings upon evidence which was incompetent. This court has many times held that, where the record is silent as to the evidence upon which findings of fact are based, it will be presumed that the findings are supported by competent evidence. But this court has never held that a finding will be presumed to be sustained by evidence which the record itself shows would have been incompetent. It follows that counsel's contention upon this branch of the case cannot be sustained.

The conclusions of law and judgment are reversed, and the cause remanded, with directions to the trial court to enter conclusions of law and judgment in accordance with the views herein expressed.